484 S.E.2d 195

**LANDMARK BAPTIST CHURCH, Through its Trustees: Larry Conway, James A. Williams, and Joseph D. Harding, Plaintiffs Below, Appellees,**

v.

**THE BROTHERHOOD MUTUAL INSURANCE COMPANY, Defendant Below, Appellant.**

**No. 23566.**

Supreme Court of Appeals of West Virginia.

Submitted Jan. 22, 1997.

Decided March 14, 1997.

---

Everette F. Thaxton, Johnson W. Gabhart, Thaxton & Johnstone Charleston, for Appellees.

Josef A. Horter, Goodwin & Horter, Charleston, for Appellant.

PER CURIAM:

The sole issue presented in this appeal by The Brotherhood Mutual Insurance Co. is the reasonableness of the attorneys' fees and costs that were awarded by the Circuit Court

of Kanawha County to Landmark Baptist Church. After a jury verdict requiring the insurer, The Brotherhood Mutual Insurance Co. ("Brotherhood Mutual"), to pay $83,400 to its insured, the Landmark Baptist Church ("Landmark"), for property damage to Landmark's church building, the circuit court also awarded Landmark $49,357.20 for the attorneys' fees and costs it expended in prosecuting its claim against its insurer. On appeal Brotherhood Mutual maintains that the circuit court erred in granting the requested attorneys' fees without inquiry into their reasonableness. Based on our review of the record, we find that the circuit court did not abuse its discretion in awarding Landmark attorneys' fees and costs, and therefore, we affirm the decision of the circuit court.

## I.

### Facts and Background

Although the parties agree that the sole issue on appeal is the reasonableness of the attorneys' fees incurred by the insured during its successful suit against its insurer, some background concerning Landmark's suit is instructive. Landmark purchased an insurance policy, effective September 1, 1992, from Brotherhood Mutual covering its church building and other items. On March 13, 1993 during the "Blizzard of 1993," Landmark's church building was damaged by the wind and the weight of very heavy ice and snow. After settlement negotiations failed to resolve the matter, Landmark filed suit in circuit court in September 1993.[1] The hotly contested matter was resolved by a jury verdict on October 23, 1995 before the Honorable Irene Berger, Judge, in the amount of $83,400 for the damage to Landmark's church building.

At the conclusion of the trial, Landmark presented a motion for its attorneys' fees and costs in the amount of $49,357.20. In support of its motion, Landmark submitted: (1) per hour fee arrangement documentation; (2) detailed monthly statements showing the time, services rendered, charges for services and expenses advanced; and (3) an affidavit from Larry J. Conway, Pastor, indicating his belief that the fees were reasonable, and any fees and expenses that were not reimbursed were an "obligation of the Church."

In its response to Landmark's motion for attorneys' fees and costs, Brotherhood Mutual, after acknowledging its liability for reasonable attorneys' fees and costs, urged rejection of the motion because Landmark's per hour fee arrangement was not specifically discussed in *Hayseeds, Inc. v. State Farm Fire & Casualty Co.*, 177 W.Va. 323, 352 S.E.2d 73 (1986) and because "the statements do not set forth the hourly rate for the services provided, the dates which services were provided, nor [sic] the attorneys or staff who provided such services." In response, Landmark submitted details of the date services were provided, the lawyer providing service to Landmark and the hourly billing rate for each lawyer during each billing cycle.

By order entered on April 4, 1996, Judge Berger granted Landmark's motion for its attorneys' fees and costs. Judge Berger found "after a detailed review of the billing and costs records submitted by the Plaintiff [Landmark] ... [and] under the prevailing circumstances in the matter, the attorneys fees and costs requested by the Plaintiff in the amount of $49,357.20 are reasonable." Thereafter, Brotherhood Mutual appealed to this Court maintaining the circuit court's order "does not reflect inquiry into" the reasonableness of the requested attorneys' fees.[2]

---

1. According to Landmark's brief, Brotherhood Mutual "offered approximately $7,700 in settlement" and "consistently refused to pay the Church an amount close to the sum needed to cover the costs of repairing or replacing the damaged portions of the Church building." Landmark also contends that at trial, Brotherhood Mutual maintained that none of the damage "was a result of a covered peril and argued to the jury that the Church was entitled to *no* recovery. (emphasis in original)."

2. In addition to its general argument concerning the reasonableness of the requested attorneys' fees, Brotherhood Mutual also argued for the first time on appeal that reimbursement was also sought for services not directly related to Landmark's suit against its insurer. Specifically, Brotherhood Mutual argues that the requested attorneys' fees are excessive because the fees reflect services "against co-defendants which the trial court later dismissed" and "against the original sellers of the property."

## II.

### Discussion

We have consistently held that in a property damage claim, reasonable attorneys' fees can be recovered by a policyholder when that policyholder substantially prevails in litigation on the claim against his or her insurer. *See* Syllabus Point 1, *Hayseeds, supra* ("Whenever a policyholder substantially prevails in a property damage suit against its insurer, the insurer is liable for: (1) the insured's reasonable attorneys' fees in vindicating its claim; (2) the insured's damages for net economic loss caused by the delay in settlement, and damages for aggravation and inconvenience"); *Thomas v. State Farm Mut. Auto. Ins. Co.* 181 W.Va. 604, 383 S.E.2d 786 (1989)(explaining concept of "substantially" prevailing); *Jordan v. National Grange Mut. Ins. Co.,* 183 W.Va. 9, 393 S.E.2d 647 (1990)(settlement does not preclude the award of attorneys' fees when an insured substantially prevails); *Burgess v. Porterfield,* 196 W.Va. 178, 186, 469 S.E.2d 114, 122 (1996) (insured, who substantially prevails, is entitled to recover attorneys' fees from uninsured motorist insurer).

■ The criteria for determining when the attorneys' fees requested from a third party, such as an insurer, are reasonable is set forth in Syllabus Point 4 of *Aetna Cas. & Sur. Co. v. Pitrolo,* 176 W.Va. 190, 342 S.E.2d 156 (1986), which provides:

> Where attorney's fees are sought against a third party, the test of what should be considered a reasonable fee is determined not solely by the fee arrangement between the attorney and his client. The reasonableness of attorney's fees is generally based on broader factors such as: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*In accord* Syllabus Point 3, *Statler v. Dodson,* 195 W.Va. 646, 466 S.E.2d 497 (1995); Syllabus Point 2, *Jordan, supra; Ball v. Wills,* 190 W.Va. 517, 525 n. 10, 438 S.E.2d 860, 868 n. 10 (1993)(*Pitrolo* factors used to determine reasonableness of attorneys' fees in a divorce case). *See also State ex rel. W.Va. Highlands Conservancy, Inc. v. W.Va. Division of Environmental Protection,* 193 W.Va. 650, 458 S.E.2d 88 (1995)(attorneys' fees can be awarded in mandamus proceedings); *Ball v. Wills, supra* (attorneys' fees can be awarded for appellate work).

■ In this case the record contains information on several of the *Pitrolo* factors including: "the fee arrangement between the attorney and his client ... [,] the time and labor required ... [,] the preclusion of other employment ... [,] time limitations ... [and,] the amount involved and the results obtained...." Syllabus Point 4, in part, *Pitrolo.* Information on these factors was contained in the following: (1) affidavits of Pastor Conway and E. Thaxton, Esq., outlining the hourly fee arrangement, which ranged between $75 to $150 per hour; and (2) detailed descriptions of the services performed, including the date, the actual work, the time spent, the name of the lawyer performing the service and the per hour charge. All the information requested by Brotherhood Mutual was supplied to the circuit court. The fee petition was considered by the circuit judge who had presided over the jury trial and was familiar with the case and the parties.

Generally we have refused to consider matters on appeal that were not raised below. *See Whitlow v. Bd. of Educ. of Kanawha County,* 190 W.Va. 223, 226, 438 S.E.2d 15, 18 (1993)("facts underlying ... [an] issue will not have been developed in such a way so that a disposition can be made on appeal"); *Shrewsbury v. Humphrey,* 183 W.Va. 291, 395 S.E.2d 535 (1990); *Cline v. Roark,* 179 W.Va. 482, 370 S.E.2d 138 (1988); Syllabus Point 3, *Bush v. Ralphsnyder,* 100 W.Va. 464, 130 S.E. 807 (1925). Because the issue of unrelated services was not raised below, we decline to address that issue on appeal.

Because the trial court has first hand knowledge of case and the legal work involved, we have traditionally vested wide discretion in the trial court for determining the reasonableness of the attorneys' fees and costs when such fees and costs are sought against a third party. Syllabus Point 2 of *Ball v. Wills, supra,* states in pertinent part:

"'[T]he trial [court] . . . is vested with a wide discretion in determining the amount of . . . court costs and counsel fees, and the trial [court's] . . . determination of such matters will not be disturbed upon appeal to this Court unless it clearly appears that he has abused his discretion.' Syllabus point 3, *Bond v. Bond,* 144 W.Va. 478, 109 S.E.2d 16 (1959)." Syl. Pt. 2, *Cummings v. Cummings,* 170 W.Va. 712, 296 S.E.2d 542 (1982).

We also note that under Rule 52(a) [1988] of the *West Virginia Rules of Civil Procedure,* the circuit court is required to make findings of fact and conclusions of law on the issue of attorneys' fees.[3] Syllabus Point 3 of *Pitrolo, supra* states:

"Rule 52(a) mandatorily requires the trial court, in all actions tried upon the facts without a jury, to find the facts specially and state separately its conclusions of law thereon before the entry of judgment. The failure to do so constitutes neglect of duty on the part of the trial court, and if it appears on appeal that the rule has not been complied with, the case may be remanded for compliance." Syllabus Point 1, *Commonwealth Tire Co. v. Tri–State Tire Co.,* 156 W.Va. 351, 193 S.E.2d 544 (1972).

*See State v. Farley,* 192 W.Va. 247, 253, 452 S.E.2d 50, 56 (1994) ("[w]here findings of fact and conclusions of law are not made as required by law, this Court has authority to remand for noncompliance").

■ Based on the extensive information on the services provided and the circuit court's order indicating a thorough review of

the record, we find that the circuit court did not abuse its discretion in awarding attorneys' fees in this matter. Given the general nature of Brotherhood Mutual's reasonableness argument about the requested attorneys' fees, we find that although the circuit court's findings of fact and conclusions of law were minimal, the circuit court's order was sufficient to justify the award of attorneys' fees.

For the above stated reasons, we affirm the decision of the Circuit Court of Kanawha County.

Affirmed.

---

3. Rule 52(a) [1988], *W.Va.R.Civ.P.* states, in pertinent part:

In all actions tried upon the facts without a jury or with an advisory jury, the court shall find the facts specially and state separately its conclusions of law thereon and direct the entry

of appropriate judgment; and in granting or refusing preliminary injunctions the court shall similarly set forth the findings of fact and conclusions of law which constitute the grounds of its action.