597 S.E.2d 302

Scott SHAFER, Appellant,
Plaintiff below,

v.

KINGS TIRE SERVICE, INC., Matthew King, and Sam King, Appellees,
Defendants below.

No. 31574.

Supreme Court of Appeals of West Virginia.

Submitted April 27, 2004.

Decided May 6, 2004.

Debra Kilgore, Esq., Burton & Kilgore, Princeton, for the Appellant.

Colleen C. McCulloch, Esq., Brown & Levicoff, P.L.L.C., Beckley, for the Appellee.

DAVIS, Justice.

Scott Shafer (hereinafter "Mr. Shafer") [1] appeals from an award of attorney's fees granted to him by the Circuit Court of Mercer County against Kings Tire Service, Matthew King and Sam King (hereinafter "the Kings"). The circuit court's attorney's fees award was granted after Mr. Shafer accepted the Kings' offer of judgment made pursuant to West Virginia Rule of Civil Procedure 68(a). Mr. Shafer requested a total award of $67,684.40 which included $17,227.30 in expenses and $50,457.50 for attorney's fees. He was awarded $25,000. Having reviewed the parties' briefs, heard oral argument, and reviewed the record, we reverse and remand with directions to the circuit court to make findings of fact and conclusions of law on the issue of attorney's fees.

## I.

### FACTUAL AND PROCEDURAL HISTORY

On April 9, 2001, Mr. Shafer sued the Kings for disability discrimination in violation of the Human Rights Act, W. Va.Code § 5–11–9(1) (1998) (Repl.Vol.2002), and for discrimination based upon the receipt of workers' compensation benefits in violation of W.

---

1. John Corner was originally a co-plaintiff in this case. The circuit court permitted counsel's motion to withdraw from representing Mr. Corner on November 9, 2001.

Va.Code § 23–5A–1 (1978) (Repl.Vol.2002). Approximately eighteen months after filing the suit, the Kings' counsel verbally proposed three alternative settlement proposals: (1) a binding arbitration with a low and high cap award; (2) a jury verdict cap with a guaranteed payment to Mr. Shafer even if the jury returned a defense verdict; or (3) an immediate payment of $125,000.00. After Mr. Shafer refused all three offers, the Kings made an offer of judgment under Rule 68(a) of the West Virginia Rules of Civil Procedure on October 18, 2002. This offer of judgment allowed a judgment to be taken against the Kings for "One Hundred Twenty-five Thousand ($125,000.00), which shall include costs then accrued." Mr. Shafer accepted the offer of judgment on October 28, 2002.

On November 6, 2002, Mr. Shafer filed a motion for attorney's fees pursuant to the Human Rights Act's cost-shifting section. W. Va.Code § 5–11–13(c). The motion requested $17,227.30 in expenses and $50,457.50 in attorney's fees billed at $175.00 per hour for 286.75 hours of work. This amount also included a total of $276.25 resulting from 4.25 hours of work at $65.00 an hour billed by an associate who worked at the law firm representing Mr. Shafer. The motion was accompanied by time sheets documenting the services rendered and the time these services consumed. The motion also included affidavits from three lawyers practicing in the employment discrimination field in West Virginia indicating the fees they charged for employment discrimination cases were at least $175.00 an hour.

Below, the Kings objected to the payment of *any* fees. They contended that the Human Rights Act authorizes attorney's fees only if a court finds that the defendant engaged in discriminatory practices as prohibited by the Act. The Kings further argued that the offer of settlement was not such a finding of discriminatory practices.

At a hearing on the attorney's fees motion held on January 24, 2003, the circuit court found that the offer of settlement did not preclude the award of attorney's fees. The court concluded that even though there was no finding of discrimination, an award of attorney's fees was appropriate because Mr. Shafer had prevailed in the case. Noting that the Human Rights Act was one of the "few areas where attorneys fees can be awarded" and that there was no finding of discrimination, the circuit court found that awarding a portion of the requested fees would be appropriate. The circuit court then awarded fees and costs in the amount of $25,000.00. The circuit court failed to disclose any reasoning that supported the fee amount. Mr. Shafer now appeals this ruling.

## II.

### STANDARD OF REVIEW

■ This case requires us to examine both a statute, the West Virginia Human Rights Act's attorney's fees provision, and a rule of civil procedure, Rule 68(a) of the West Virginia Rules of Civil Procedure. We have previously held that " '[w]here the issue on an appeal from the circuit court is clearly a question of law or involving an interpretation of a statute, we apply a *de novo* standard of review.' Syllabus point 1, *Chrystal R.M. v. Charlie A.L.*, 194 W.Va. 138, 459 S.E.2d 415 (1995)." Syl. pt. 1, *State v. Paynter*, 206 W.Va. 521, 526 S.E.2d 43 (1999). We have likewise held that "[a]n interpretation of the *West Virginia Rules of Civil Procedure* presents a question of law subject to a *de novo* review." Syl. pt. 4, *Keesecker v. Bird*, 200 W.Va. 667, 490 S.E.2d 754 (1997). *See also* Franklin D. Cleckley, Robin J. Davis & Louis J. Palmer, Jr., *Litigation Handbook on West Virginia Rules of Civil Procedure* § 68[2][c] at 1045 (2002) ("Appellate review of Rule 68 issues is generally de novo, except that factual determinations by the trial court are reviewed for clear error." (footnote omitted)).

■ Additionally, this case also requires us to determine a question relating to the awarding of attorney's fees. Our review of this issue is limited for as we have recently reiterated:

> " '[T]he trial [court] ... is vested with a wide discretion in determining the amount of ... court costs and counsel fees, [sic] and the trial [court's] ... determination of such matters will not be disturbed upon appeal to this Court unless it clearly appears that [it] has abused [its] discretion.'

Syllabus point 3, [in part,] *Bond v. Bond,* 144 W.Va. 478, 109 S.E.2d 16 (1959)." Syl. Pt. 2, [in part,] *Cummings v. Cummings,* 170 W.Va. 712, 296 S.E.2d 542 (1982) [ (per curiam) ]. Syllabus point 4, in part, *Ball v. Wills,* 190 W.Va. 517, 438 S.E.2d 860 (1993). Syl. pt. 3, *Daily Gazette Co., Inc. v. West Virginia Dev. Office,* 206 W.Va. 51, 521 S.E.2d 543 (1999).

Syl. pt. 1, *Hollen v. Hathaway Elec., Inc.,* 213 W.Va. 667, 584 S.E.2d 523 (2003) (per curiam). Keeping these standards in mind, we now turn to the contentions the parties raise.

## III.

## DISCUSSION

We think this case presents two issues for consideration: (1) did the circuit court have authority to enter any award of costs in this case given the relationship between Rule 68(a) and the cost-shifting provision of the West Virginia Human Right Act and (2) did the circuit court abuse its discretion in awarding Mr. Shafer only partial costs? We examine each of these questions in turn.

### 1. W. Va. R. Civ. Pro. 68(a) and W. Va.Code § 5–11–13(c)

West Virginia Rule of Civil Procedure 68(a) provides:

**Offer of Judgment.** At any time more than 10 days before the trial begins, a party defending against a claim may serve upon the adverse party an offer to allow judgment to be taken against the defending party for the money or property or to the effect specified in the defending party's offer, with costs then accrued. If within 10 days after the service of the offer the adverse party serves written notice that the offer is accepted, either party may then file the offer and notice of acceptance together with proof of service thereof and

thereupon the court shall direct entry of the judgment by the clerk.

■ By its terms, an offer of judgment must include not only an offer of judgment on the claim raised by the plaintiff, but such an offer must also include "costs then accrued." *See* Franklin D. Cleckley, Robin Jean Davis & Louis J. Palmer, *Litigation Handbook* on West Virginia Rules of Civil Procedure, § 68(a), p. 1046 (2002) ("An offer under Rule 68(a) does not have to separately recite the amount the defendant is offering in settlement of the substantive claim and the amount being offered to cover accrued costs. The critical issue concerning the contents of the offer, is that the offer be one that allows judgment to be taken against the defendant for both the damages caused by the challenged conduct and the costs then accrued."). While the term "costs" usually does not include attorney's fees, *Nelson v. West Virginia Public Employees Insurance Board,* 171 W.Va. 445, 451, 300 S.E.2d 86, 92 (1982), if an applicable statute defines costs to include attorney's fees, then attorney's fees may be recovered as costs. *See generally* 20 Am. Jur.2d *Costs* § 57 (1995). The Human Rights Act's cost-shifting section defines "costs" as "including reasonable attorney fees[.]" W. Va.Code § 5–11–13(c).[2] In *Marek v. Chesny,* the seminal United States Supreme Court case interpreting Federal Rule of Civil Procedure 68, the Court held:

[T]he most reasonable inference is that the term "costs" in Rule 68 was intended to refer to all costs properly awardable under the relevant substantive statute or other authority. In other words, all costs properly awardable in an action are to be considered within the scope of Rule 68 "costs." Thus, absent congressional expressions to the contrary, where the underlying statute defines "costs" to include attorney's fees, we are satisfied such fees are to be included as costs for purposes of Rule 68.

2. W. Va.Code § 5–11–13(c) provides in full:

In any action filed under this section, if the court finds that the respondent has engaged in or is engaging in an unlawful discriminatory practice charged in the complaint, the court shall enjoin the respondent from engaging in such unlawful discriminatory practice and order affirmative action which may include, but

is not limited to, reinstatement or hiring of employees, granting of back pay or any other legal or equitable relief as the court deems appropriate. In actions brought under this section, the court in its discretion may award all or a portion of the costs of litigation, including reasonable attorney fees and witness fees, to the complainant.

473 U.S. 1, 9, 105 S.Ct. 3012, 3016, 87 L.Ed.2d 1, 9 (1985). The Supreme Court went on to hold that the accrued cost provision of Rule 68 extended to an award of attorney's fees under 42 U.S.C. § 1988, the general federal fee shifting statute for civil rights litigation, as "[t]his 'plain meaning' interpretation of the interplay between Rule 68 and § 1988 is the only construction that gives meaning to each word in both Rule 68 and § 1988." *Marek*, 473 U.S. at 9, 105 S.Ct. at 3017, 87 L.Ed.2d at 9–10. Although "[a] federal case interpreting a federal counterpart to a West Virginia rule of civil procedure may be persuasive, . . . it is not binding or controlling[,]" Syl. pt. 3, *Brooks v. Isinghood*, 213 W.Va. 675, 584 S.E.2d 531 (2003), we afford *Marek* substantial weight. *See Williams v. Precision Coil, Inc.*, 194 W.Va. 52, 58 n. 6, 459 S.E.2d 329, 335 n. 6 (1995) ("The West Virginia Rules of Civil Procedure practically are identical to the Federal Rules. Therefore, we give substantial weight to federal cases, especially those of the United States Supreme Court, in determining the meaning and scope of our rules."). *See also Meadows v. Wal–Mart Stores, Inc.*, 207 W.Va. 203, 220, 530 S.E.2d 676, 693 (1999) ("W. Va. R. Civ. P. 68 . . . is based upon and almost identical to Rule 68 of the Federal Rules of Civil Procedure." (footnote omitted)).[3] Consequently, we hold that costs included under West Virginia Rule of Civil Procedure Rule 68(a) include attorney's fees when any statute applicable to the case defines costs as including attorney's fees. However, costs under Rule 68(a) do not include attorney's fees if the statute creating the right to attorney's fees defines attorney's fees as being in addition to, or separate and distinct from costs. *See* Cleckley, Davis & Palmer, *Litigation Handbook*, § 68(a), p. 113 (Supp.2004) ("[I]f an action is brought under a statute that permits recovery of attorney fees, then under Rule 68(a) the term costs would include attorney fees accrued at the time of the offer."); 13 *Moore's Federal Practice* § 68.02[4], at 68–10 (3d ed. 2004) ("[I]f the statute creating an entitlement to attorney's fees refers to the fees in terms that make it seem they are in addition to, or different from, other 'costs,' for example, by referring to 'attorney's fees *and* costs' as opposed to 'attorney's fees *as part of* the costs,' then the fees are not costs under Rule 68." (footnote omitted)). Because the Human Rights Act defines costs as including attorneys fees, the costs included in a Rule 68 offer of judgment includes attorney's fees.

■ The Kings argue that the circuit court did not abuse its discretion in awarding only a portion of the attorney's fees requested by Shafer because, they assert, the circuit court lacked the authority to award *any* fees under the Act.[4] The Kings read the first sentence of W. Va.Code § 5–11–13(c)[5], which states that "[i]n any action filed under this section, if the court finds that the respondent has engaged in or is engaging in an unlawful discriminatory practice charged in the complaint[,]" as referring to the second sentence which permits a circuit court "in its discretion [to] award all or a portion of the costs of the litigation . . . to the complainant." Thus, the

3. We also find *Marek* particularly persuasive because its use of plain language analysis and statutory harmonization are canons of statutory construction that are used by this Court. *See, e.g., Taylor v. Nationwide Mut. Ins. Co.*, 214 W.Va. 324, 328, 589 S.E.2d 55, 59 (2003) ("[W]hen we interpret a statutory provision, this Court is bound to apply, and not construe, the enactment's plain language."); *Keatley v. Mercer County Bd. of Educ.*, 200 W.Va. 487, 495 n. 15, 490 S.E.2d 306, 314 n. 15 (1997) (" '[W]here it is possible to do so, it is the duty of the courts, in the construction of statutes, to harmonize and reconcile laws, and to adopt that construction of a statutory provision which harmonizes and reconciles it with other statutory provisions . . .' to give force and effect to each if possible." (citation omitted)). We also note that it is of no importance that we are reconciling a statute with a

procedural rule of court, for we have observed that procedural rules of court are governed by the same interpretive standards as statutes. *See State ex rel. Wyant v. Brotherton*, 214 W.Va. 434, 440 n. 13, 589 S.E.2d 812, 818 n. 13 (2003) (" '[W]hen considering rules promulgated by courts, courts apply the principles of statutory construction.' 20 Am.Jur.2d *Courts* § 51, at 370 (1995).").

4. However, the Kings do not contest, in this appeal, the award of the $25,000.00 fee granted by the circuit court insofar as such an award would limit their liability for the additional costs and fees claimed by Shafer.

5. For the full text of W. Va.Code § 5–11–13(c), see supra note 2.

Kings contend that because the circuit court made no finding that they engaged in any discriminatory practice, the circuit court could not award attorney's fees at all. Therefore, an award of only a portion of the requested fees must, perforce, be within the circuit court's discretion.

Mr. Shafer responds that the first sentence of W. Va.Code § 5–11–13(c) is not to be read as informing the interpretation of the second sentence. He asserts that while a finding of unlawful discrimination is a necessary predicate for an award of legal or equitable relief on the substance of the claim, the cost-shifting sentence does not contain any language that a court must find unlawful discrimination before it can award costs. However, rather than focusing on simply the Act as have the parties, we believe the proper approach in this case is to focus on the relationship between the Act and Rule 68(a).

This case was resolved substantively through an offer of judgment under Rule 68(a). The language of Rule 68(a) is plain. An offer of judgment must include costs.[6] Indeed, the commentators on our Rule 68(a) have correctly observed that:

> If an offer recites that costs are included or specifies an amount for costs, and the plaintiff accepts the offer, the judgment will necessarily include costs; if the offer does not state that costs are included and an amount for costs is not specified, the trial court will be obliged by the terms of the rule to include in its judgment an additional amount which, in its discretion, it determines to be sufficient to cover the costs. In either case, however, the offer

has allowed judgment to be entered against the defendant both for damages caused by the challenged conduct and for costs.

Cleckley, Davis & Palmer, *Litigation Handbook*, § 68(a), p. 1046, citing *Marek v. Chesny*, 473 U.S. 1, 6, 105 S.Ct. 3012, 3015, 87 L.Ed.2d 1 (1985) ("[I]t is immaterial whether the offer recites that costs are included, whether it specifies the amount the defendant is allowing for costs, or, for that matter, whether it refers to costs at all. As long as the offer does not implicitly or explicitly provide that the judgment not include costs, a timely offer will be valid."). As we have explained above, the costs recoverable under the Rule include attorneys fees when an applicable statute to the case defines costs as including attorney's fees. *See* 12 Charles Alan Wright, *et al.*, *Federal Practice & Procedure* § 3002, at 92 (2d ed.1997) (observing that an offer of judgment "must be unconditional and must include 'costs then accrued,' and those costs include attorneys fees then accrued where there is an applicable statute that provides for recovery of attorneys' fees as a part of costs" (footnotes omitted)). Thus, the relationship between Rule 68 and W. Va.Code § 5–11–13(c) requires us to ask if W. Va.Code § 5–11–13(c) defines costs as including attorney's fees. We have already concluded above that W. Va.Code § 5–11–13(c) defines costs as including attorney's fees.

Although not directly on point, we have previously decided a case that supports Mr. Shafer. In *Jordan v. National Grange Mutual Insurance Co.*, 183 W.Va. 9, 393 S.E.2d

---

**6.** We observe that another aspect of Rule 68's plain language was violated below. The Kings actually filed their offer of judgment with the circuit court at the time they tendered the offer to Mr. Shafer. This was improper. "Not having Rule 68 offers filed unless accepted avoids possible undue influence. The court's knowledge of what amount of recovery would avoid or trigger liability for post-offer costs under Rule 68, especially in a non-jury trial, could affect its judgment." 13 *Moore's Federal Practice* § 68.04, 68–23 (3d ed.2004). In this regard,

> Rule 68 is really unambiguous-its first sentence provides only for the *service* of offers of judgment on the adverse party, while its second sentence calls for *filing* of the offer only if the adverse party accepts it within ten days

after such service. By strong negative inference, that latter reference to filing if and when the offer is accepted confirms the plain meaning of Rule 68's first sentence that no filing is permitted at the time of tender. And that is the uniform view of the commentators as well as of the few cases that have been compelled to look at the issue[.]

*Kason v. Amphenol Corp.*, 132 F.R.D. 197 (N.D.Ill.1990). If the offer of judgment is rejected, "the offering party can prove it at the proper time to defeat costs." 12 Charles Alan Wright, *et al.*, *Federal Practice & Procedure* § 3002, at 92 (2d ed.1997) (footnote omitted). If an offer of judgment is improperly filed with the court when tendered, "the remedy is to strike the offer from the court's file." *Id.* at 91 (footnote omitted).

647 (1990), we found that an insurer could be liable to an insured for reasonable attorney's fees the insured had to necessarily expend in order to reach a settlement on an action on a policy claim. In *Jordan*, the insured claimed only a jury verdict against it, rather than its settling the case, could provide the predicate requiring payment of attorney's fees. *Id.* at 11, 393 S.E.2d at 649. We rejected this position finding that a settlement was sufficiently similar to a verdict as to justify an award of attorney's fees. *Id.* at 12–13, 393 S.E.2d at 650–51. More specifically, we also approvingly cited *Wollard v. Lloyd's & Co. of Lloyd's*, 439 So.2d 217 (Fla.1983), for the proposition that a statutory award of attorney's fees when a "judgment" is rendered against an insurer encompasses a settlement since " 'the payment of the claim is, indeed, the functional equivalent of a confession of judgment or a verdict in favor of the insured.' " *Jordan*, 183 W.Va. at 13–14 n. 4, 393 S.E.2d at 652–53 n. 4 (quoting *Wollard*,

439 So.2d at 218). Thus, even under the King's interpretation of W. Va.Code § 5–11–13(c), entry of the Kings' offer of judgment acted in the nature of a "verdict in favor" of Mr. Shafer on the basis of his complaint. Having rejected the Kings' argument on this point,[7] we now turn to their alternate argument.[8]

### 2. Circuit Court's Discretion to Award Attorney's Fees

The Kings alternatively argue that the clear and unambiguous language of W. Va. Code § 5–11–13(c) grants a circuit court discretion to award "all or a portion of the costs of litigation[.]" The Kings assert that since the circuit court awarded only a portion of Mr. Shafer's costs, the circuit court could not have abused its discretion.[9] Mr. Shafer replies, however, that the Kings omit the other critical language in the Act which requires that the attorney's fees awarded as "all or a

---

**7.** We hasten to add that because our opinion today does not deal with the preclusive effect of entry of an offer of judgment as did our opinion in *Meadows v. Wal–Mart Stores, Inc.*, 207 W.Va. 203, 218–22, 530 S.E.2d 676, 691–695 (1999), *Meadows* is not implicated by and has no bearing on the issues we address herein.

**8.** The Kings assert that the $125,000.00 offer of judgment was based upon the average back pay of Mr. Shafer and the then-accrued attorney's fees. We wish to make clear that nothing in this opinion precludes defendants from making lump sum offers that explicitly include costs *and* attorney's fees. "Defendant[s] may also provide explicitly that the amount offered [under Rule 68] includes attorneys fees." 12 *Federal Practice & Procedure, supra*, § 3005.1, at 112. Such lump sum offers of judgment, however, must be *explicit* in stating that the offer is inclusive of attorney's fees if that is the defendant's intent in making the offer of judgment. Although it is not an implausible reading of Rule 68 to say that the explicit inclusion of costs includes attorney's fees where costs themselves include fees, this is not the position the federal courts have taken. Rather, as we identified in *Meadows*, courts apply contract principles to offers of judgment, 207 W.Va. at 220, 530 S.E.2d at 693, and in so doing "courts tend to interpret Rule 68 offers against the defendants who drafted them[.]" 12 *Federal Practice & Procedure, supra*, § 3005.1 at 112 (footnote omitted). Consequently, unless the offer explicitly includes attorney's fees, the courts construe the offer to be silent as to attorney's fees if fees are not explicitly included, thereby necessitating an attorney's fee award beyond the sum included in the offer.

We implied as much in *Jordan*, 183 W.Va. at 13 n. 3, 393 S.E.2d at 651 n. 4, where we noted in the context of an offer of judgment that "[t]he recovery of reasonable attorney's fees must be explicitly waived by the parties to bar the court from awarding such fees in those types of cases where reasonable attorney's fees are otherwise recoverable." *See also Rohrer v. Slatile Roofing & Sheet Metal Co.*, 655 F.Supp. 736, 737 (S.D.Ind.1987) ("While a plaintiff can, in a settlement agreement, waive his statutory right to seek an award of costs and attorney fees, waiver ordinarily will be found only when it is expressly provided in the terms of the settlement or in the offer of judgment." (citations omitted)). Based on a similar reasoning, one leading federal treatise has explained, "[a]s a consequence, even defendants who honestly believe that they have capped their total liability may find that they are required to pay plaintiff's attorneys fees in addition to the sum in the Rule 68 offer because their offers did not explicitly provide otherwise." 12 *Federal Practice & Procedure, supra*, § 3005, at ·112–13 (footnote omitted). Thus, we agree that "[t]he better practice for defendants therefore would be to address the question in ... explicit fashion in their offers of judgment." *Id.* at 112 (citing the language from the offer of judgment in *Marek* which provided that the offer was " 'for a sum, including costs now accrued and attorney's fees, of $100,000.' ").

**9.** The Kings assert that Mr. Shafer did not object to the award of only $25,000.00. We find the circuit court specifically provided below that it "will note the exception of both parties[.]" The error was thus preserved.

portion of the costs" must be "reasonable." Mr. Shafer also asserts that the circuit court abused its discretion in failing to consider a multitude of factors we have found necessary for a circuit court to examine in deciding whether to award attorney's fees under the Human Rights Act. We agree with Mr. Shafer.

■ We acknowledge that abuse of discretion review is limited for "[u]nder abuse of discretion review, we do not substitute our judgment for the circuit court's." *State v. Taylor*, 215 W.Va. 74, 83, 593 S.E.2d 645, 654 (2004) (Davis, J., dissenting) (citing *Burdette v. Maust Coal & Coke Corp.*, 159 W.Va. 335, 342, 222 S.E.2d 293, 297 (1976) (per curiam); *Intercity Realty Co. v. Gibson*, 154 W.Va. 369, 377, 175 S.E.2d 452, 457 (1970), *overruled on other grounds by Cales v. Wills*, 212 W.Va. 232, 569 S.E.2d 479 (2002)). Indeed, in Syllabus point 1 of *Hollen v. Hathaway Electric, Inc.*, 213 W.Va. 667, 584 S.E.2d 523 (2003) (per curiam), we reiterated as much when we said, " '[t]he trial [court] ... is vested with a wide discretion in determining the amount of ... court costs and counsel fees[.]' " (Citation omitted). "We have also cautioned, however, that we will not simply rubber stamp the trial court's decision when reviewing for an abuse of discretion." *State v. Hedrick*, 204 W.Va. 547, 553, 514 S.E.2d 397, 403 (1999). We have said that " '[i]n general, an abuse of discretion occurs when a material factor deserving significant weight is ignored, when an improper factor is relied upon, or when all proper and no improper factors are assessed but the circuit court makes a serious mistake in weighing them.' " *Id.* at 553, 514 S.E.2d at 403 (quoting *Gentry v. Mangum*, 195 W.Va. 512, 520 n. 6, 466 S.E.2d 171, 179 n. 6 (1995)). Because our abuse of discretion review is limited to analyzing whether the circuit court engaged in a proper balancing of applicable factors, we have found that a "circuit court is required to make findings of fact and conclusions of law on the issue of attorneys' fees." *Landmark Baptist Church v. Brotherhood Mut. Ins. Co.*, 199 W.Va. 312, 316, 484 S.E.2d 195, 199 (1997) (per curiam) (footnote omitted). *See also Chevy Chase Bank v. McCamant*, 204 W.Va. 295, 304, 512 S.E.2d 217, 226 (1998) (per curiam) ("[W]hen a trial court awards attorney fees, it is required to make findings for this Court's determination of the reasonableness of the award."). In the absence of adequate findings of fact and conclusions of law, we are unable to intelligently discharge our limited appellate role to determine that the circuit court did not abuse its discretion.

■ Of pertinence to this case, we have previously examined attorney's fees under the Human Rights Act. We specifically recognized that:

The goal of the West Virginia human rights law is to protect the most basic, cherished rights and liberties of the citizens of West Virginia. Effective enforcement of the human rights law depends upon the action of private citizens who, from our observations of these matters, usually lack the resources to retain the legal counsel necessary to vindicate their rights. Full enforcement of the civil rights act requires adequate fee awards.

*Bishop Coal Co. v. Salyers*, 181 W.Va. 71, 80, 380 S.E.2d 238, 247 (1989). In *Bishop* we equated an adequate fee award with one that is reasonable. *Id.* at 81, 380 S.E.2d at 248. In Syllabus point 3 of *Bishop* we also held that:

When the relief sought in a human rights action is primarily equitable, "reasonable attorneys' fees" should be determined by (1) multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate-the lodestar calculation-and (2) allowing, if appropriate, a contingency enhancement. The general factors outlined in Syllabus Point 4 *Aetna Cas. & Sur. Co. v. Pitrolo*, 176 W.Va. 190, 342 S.E.2d 156 (1986) should be considered to determine: (1) the reasonableness of both time expended and hourly rate charged; and, (2) the allowance and amount of a contingency enhancement.

Syllabus point 4 of *Aetna Casualty & Surety Co. v. Pitrolo*, 176 W.Va. 190, 342 S.E.2d 156 (1986), is fairly detailed and provides:

Where attorney's fees are sought against a third party, the test of what should be considered a reasonable fee is determined not solely by the fee arrange-

ment between the attorney and his client. The reasonableness of attorney's fees is generally based on broader factors such as: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

 Here, the circuit court simply made no findings under any of the *Bishop/Pitrolo* factors. Instead, the order awarding attorney's fees made only the following pertinent finding, "[t]he award of attorney's fees is a matter of the Court's discretion and the Court finds that in this case there was no finding of discrimination but that some award of a portion of a attorney's fees [sic] would be appropriate. Accordingly, it is hereby ADJUDGED, ORDERED, and DECREED that Plaintiff is awarded the sum of $25,000.00 in total for attorney's fees and costs incurred in this matter." Indeed, there is no rationale for how the circuit court arrived at its reduced figure of $25,000.00.[10]

Consequently, we cannot credit the Kings' argument that simply because a circuit court has the discretion to award a portion of the requested fees that any reduced award of fees would be reasonable. Rather, an award of a portion of the requested fees is allowable if such reduction is supported by application of the *Bishop* and *Pitrolo* factors.

## IV.

### CONCLUSION

The judgment of the Circuit Court of Mercer County is reversed and remanded with directions to the circuit court to make the requisite findings of fact and conclusions of law on the issue of attorney's fees.

Reversed and remanded with directions.

Justice STARCHER concurs.

---

10. In *Landmark,* we affirmed a circuit court order granting the requested fees in total that contained only "minimal" findings of fact and conclusions of law. 199 W. Va. at 316, 484 S.E.2d at 199. *Landmark* is distinguishable because, in the instant case, the circuit court did not grant the full amount of fees requested but granted fees in a substantially reduced amount without explaining why the reduction was justified.