# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Desislava Vladimirov,**
**Petitioner Below, Petitioner**

**vs)  No. 18-0689** (Kanawha County 13-D-1714)

**Nedeltcho Vladimirov,**
**Respondent Below, Respondent**

**FILED**

**January 13, 2020**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Desislava Vladimirov, by counsel Christopher T. Pritt, appeals the Circuit Court of Kanawha County's June 28, 2018, order affirming the Family Court of Kanawha County's May 30, 2018, equitable distribution order in the divorce proceeding. Respondent Nedeltcho Vladimirov, by counsel Henry R. Glass III, submitted a summary response in support of the circuit court's order.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

According to the May 30, 2018, "Order for Equitable Distribution" entered by the Family Court of Kanawha County, the parties owned both real estate and personal property, and one or both parties had bank accounts, PayPal accounts, medical bill refunds, workers' compensation claim benefits, and retirement accounts.[1] According to that order, subsequent to the final hearing the parties entered an agreed order regarding the marital home, granting exclusive ownership and possession of that home to respondent. In addressing gold coins the couple owned, the family court stated that petitioner contended they were subject to equitable distribution and had a value of $5,000; however, she "provided no basis for such value." Respondent presented an exhibit showing that the sale of gold coins in January and February of 2012 was for $1,308 and $8,697.80, with the funds deposited into the couple's joint account. He testified that the remaining gold coins have a value of approximately $500 and proposed that they be divided equally. The family court

---

[1] We note at the outset that petitioner's brief ignores the mandates of Rule 10(c)(4) of the West Virginia Rules of Appellate Procedure, which requires the following: "Supported by appropriate and specific references to the appendix or designated record, the statement of the case must contain a concise account of the procedural history of the case and a statement of the facts of the case that are relevant to the assignments of error." The two-paragraph statement of the case in petitioner's brief does not contain a single citation to the record and omits a number of important facts, including the length of the marriage, when the action for divorce was filed, or whether there were any children involved.

1

found that the best evidence regarding the gold coins was that provided by respondent.

The family court stated that "[r]espondent owns guns which he described and valued totaling $1,100, and which remain in the residence occupied by [p]etitioner. Respondent valued the guns at $2,000 but provided no basis for such value." Based on the assignments of error, it appears that petitioner was the one who valued the guns at $2,000. The family court found that respondent provided the best evidence regarding the value of the guns, and he was awarded possession of those guns.

The family court order provides that petitioner asserted a claim for "Conrad" credits.[2] However, that court found as a matter of law that the pronouncements in *Conrad* are inapplicable to this case since petitioner continued to reside in and benefit from mortgage payments made by her from the joint account during the relevant time period. It further found that "during the period of time aforementioned [p]etitioner continued to have her paychecks deposited into the joint bank account of the parties from which the expenses were paid, which creates a presumption of gift which she failed to rebut."

In that order, the family court determined that, because it was unlikely that respondent could qualify for a loan sufficient to purchase a suitable residence for him and the parties' minor child in the immediate future, he should be awarded ownership of the former marital home, subject to him fully assuming and indemnifying petitioner for the existing mortgage indebtedness, refinancing the home in his name within two years, and immediately placing the home on the market for sale and promptly selling the home for an amount that results in full payment of the mortgage balance in the event he defaults on any monthly mortgage payment for a period exceeding thirty days.

Petitioner appealed that distribution order to the Circuit Court of Kanawha County on June 27, 2018. By order entered June 28, 2018, the circuit court denied and dismissed petitioner's appeal. Petitioner appeals from that order.

As this Court has found,

"[i]n reviewing a final order entered by a circuit court judge upon a review of, or upon a refusal to review, a final order of a family court judge, we review the findings of fact made by the family court judge under the clearly erroneous standard, and the application of law to the facts under an abuse of discretion standard. We review questions of law *de novo*." Syllabus, *Carr v. Hancock,* 216 W.Va. 474, 607 S.E.2d 803 (2004).

Syl. Pt. 2, *In re K.H.*, 235 W. Va. 254, 773 S.E.2d 20 (2015). Further, as this Court has set forth,

"'[i]n general, an abuse of discretion occurs when a material factor deserving significant weight is ignored, when an improper factor is relied upon, or when all proper and no improper factors are assessed but the circuit court makes a serious

---

[2] *Conrad v. Conrad*, 216 W. Va. 696, 702, 612 S.E.2d 772, 778 (2005).

mistake in weighing them.'" [*State v. Hedrick*, 204 W. Va. 527, 553, 514 S.E.2d 397, 403 (1999)] (quoting *Gentry v. Mangum,* 195 W.Va. 512, 520 n. 6, 466 S.E.2d 171, 179 n. 6 (1995)).

*Shafer v. Kings Tire Service, Inc.*, 215 W. Va. 169, 177, 597 S.E.2d 302, 310 (2004).

On appeal, petitioner asserts five assignments of error. However, we will not address the merits of the assignments of error that do not comply with Rule 10(c)(7) of the West Virginia Rules of Appellate Procedure.[3]

Petitioner first argues that the family court gave preference to respondent's valuation of marital property despite the fact that respondent is not qualified as an expert. Petitioner asserts that this was erroneous due to respondent's self-interest. Without citing any authority, petitioner contends that "[v]alue cannot be added to [respondent's] testimony based on his specialized knowledge unless he is an expert." Respondent contends that he did not provide expert testimony under Rule 702 of the West Virginia Rules of Evidence so he was not required to be qualified as an expert. In the context of destroyed or damaged property, this Court has held that "the owner . . . is qualified to give lay testimony as to the value of the personal property based on his or her personal knowledge. When the value of the personal property is disputed, the ultimate determination of the value of personal property must be resolved by the trier of fact." Syl. Pt. 2, in part, *Evans v. Mutual Min.*, 199 W. Va. 526, 485 S.E.2d 695 (1997). Because petitioner fails to point to any particular valuation the family court improperly determined in this assignment of

---

[3] Rule 10(c)(7) provides as follows:

[t]he brief must contain an argument exhibiting clearly the points of fact and law presented, the standard of review applicable, and citing the authorities relied on, under headings that correspond with the assignments of error. The argument must contain appropriate and specific citations to the record on appeal, including citations that pinpoint when and how the issues in the assignments of error were presented to the lower tribunal. The Court may disregard errors that are not adequately supported by specific references to the record on appeal.

Additionally, in an Administrative Order entered December 10, 2012, *Re: Filings That Do Not Comply With the Rules of Appellate Procedure*, this Court specifically noted that "[b]riefs that lack citation of authority [or] fail to structure an argument applying applicable law" are not in compliance with this Court's rules. Further, "[b]riefs with arguments that do not contain a citation to legal authority to support the argument presented and do not 'contain appropriate and specific citations to the record on appeal . . .' as required by rule 10(c)(7)" are not in compliance with this Court's rules. *Id.* "A skeletal 'argument,' really nothing more than an assertion, does not preserve a claim . . . . Judges are not like pigs, hunting for truffles buried in briefs." *State v. Kaufman*, 227 W. Va. 537, 555 n.39, 711 S.E.2d 607, 625 n.39 (2011) (quoting *U.S. v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991)).

error, this Court is unable to specifically address any such valuation determination.[4]

Petitioner next argues that the family court improperly valued certain gold coins at $500 despite her contention that the correct value was $5,000. She asserts that the family court failed to provide a rationale as to why the $5,000 was not proper. Without citing to the order or the demonstrative exhibit, petitioner argues that "[b]ased on the order, the only difference between the evidence presented between [petitioner] and [respondent] was that [respondent] used a demonstrative exhibit." In her two-paragraph argument, petitioner does not cite to a transcript of the disputed testimony and does not set forth any basis for her assertion that the coins are worth $5,000. Instead, she refers this Court to the family court order, which provides that petitioner "provided no basis for such value. Respondent presented an exhibit showing the sale of gold coins . . . and the deposit of the sale proceeds into the joint bank account . . . He testified that the remaining gold coins have a value of approximately $500 . . . ." Thereafter, the family court found that the best evidence regarding the valuation of the coins was provided by respondent. Due to the fact that petitioner's vague argument is not supported by factual or legal authority, we find that she is not entitled to relief on this ground.

Similarly, petitioner argues that the family court provided no basis to support its valuation of the guns. She argues that the family court failed to make a finding as to why petitioner's testimony regarding the gun valuation is less credible than respondent's testimony on that issue. Again, she fails to provide any information to support her valuation of the guns.[5] Therefore, we cannot find that petitioner's third assignment of error is meritorious.

Without citing to the record, petitioner next contends that the family court improperly failed to give petitioner "*Conrad* credits" for payments made. Pursuant to *Conrad v. Conrad*, 216 W. Va. 696, 702, 612 S.E.2d 772, 778 (2005), "[r]ecoupment of payment of marital debt by one party prior to the ultimate division of marital property has often been permitted upon a final equitable distribution order. *See Jordan v. Jordan*, 192 W.Va. 377, 452 S.E.2d 468 (1994)." Petitioner argues that payments were made using petitioner's income, regardless of whether those payments were from a joint account. She further contends that the order lacks a legal basis on which the family court made its conclusions. However, petitioner fails to cite to the family court order for that assertion. The family court found that *Conrad* was inapplicable to the instant matter because petitioner continued to reside in and benefit from the mortgage payments made from the joint account during the relevant time period.

West Virginia Code § 48-5-508(c) provides that

---

[4] Petitioner's only citation to the record in this assignment of error is to the final page of the family court's order, which does not address the valuation of any personal property.

[5] The portion of the family court's order addressing the valuation of the guns is unclear and appears to contain typographical errors that make it difficult for this Court to ascertain what the family court concluded regarding their value. Specifically, the family court found that "[r]espondent valued the guns at $2,000 but provided no basis for such value. The [c]ourt finds that the best evidence regarding the value of the guns is that provided by [r]espondent . . . ."

[t]he court may order either or both of the parties to pay the costs and expenses of maintaining and preserving the property of the parties during the pendency of the action. At the time the court determines the interests of the parties in marital property and equitably divides the same, the court may consider the extent to which payments made for the maintenance and preservation of property under the provisions of this section have affected the rights of the parties in marital property and may treat such payments as a partial distribution of marital property. The court may release all or any part of such protected property for sale and substitute all or a portion of the proceeds of the sale for such property.

Petitioner fails to articulate why she is entitled to *Conrad* credits, simply stating that "[p]ayments were clearly made." Therefore, we again find that this argument is insufficient to show that the family court abused its discretion as to this issue.

Finally, petitioner asserts that the family court erred by awarding respondent the marital home with refinancing to be done within two years. Petitioner points to West Virginia Code § 48-7-101 to support her very brief argument that all property must be divided equally unless a specific finding is otherwise made.[6] Petitioner argues that the parties did not come out as economic equals because her credit is encumbered for two years. However, she fails to cite a basis for her assertion that such purported encumbrance makes the parties economically unequal. In its order, the family court determined that petitioner was gainfully employed due, in part, to respondent financially supporting the family while petitioner furthered her formal education during the marriage. The court also noted the difficulty respondent may have obtaining financing to refinance the marital home due to an injury that diminished his earnings. The family court took efforts to protect petitioner, requiring that respondent fully assume and indemnify petitioner for the existing mortgage indebtedness, refinancing the home within two years, and promptly listing the home for sale if respondent defaults on any monthly mortgage payment for a period of more than thirty days. Therefore, we find that the family court did not abuse its discretion by awarding respondent possession of the marital residence under the conditions set forth in its order.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** January 13, 2020

**CONCURRED IN BY:**

Chief Justice Tim Armstead
Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Evan H. Jenkins
Justice John A. Hutchison

---

[6] "Except as otherwise provided in this section, upon every judgment of annulment, divorce or separation, the court shall divide the marital property of the parties equally between the parties." W. Va. Code § 48-7-101.