# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**JUSTIN T.,**
**Respondent Below, Petitioner**

**v.) No. 25-ICA-103**     (Fam. Ct. of Marion Cnty. Case No. FC-24-2024-D-242)

**HALEIGH T.,**
**Petitioner Below, Respondent**

**FILED**

**October 28, 2025**

released at 3:00 p.m.
ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Justin T.[1] ("Husband") appeals the Family Court of Marion County's order entered February 12, 2025, granting the parties' divorce and granting Respondent Haleigh T. ("Wife") the first right to refinance and to purchase Husband's interest in two tracts of land the parties purchased during the marriage, that had been in Husband's extended family since 1902. Wife responded in support of the family court's decision. Husband filed a reply.[2]

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2024). After considering the parties' oral arguments, briefs, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the family court's orders is appropriate under Rule 21 of the Rules of Appellate Procedure.

Husband and Wife were married on August 2, 2014, and have two children, born in 2016 and 2018, respectively. During the marriage, the parties purchased two tracts of land, approximately fifty-eight acres from the estate of one of Husband's relatives. The two tracts are surrounded by the original 240-acre tract known collectively as the "Tennant Farm,"

---

[1] Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See, e.g.,* W. Va. R. App. P. 40(e)*; State v. Edward Charles L.,* 183 W. Va. 641, 645 n.1, 398 S.E.2d 123, 127 n.1 (1990).

[2] Husband is represented by Mark W. Kelley, Esq. Wife is represented by Kristine Burdette, Esq.

1

which is owned by Husband's relatives. The "Tennant Farm" is now recognized as a "Century Farm" by the West Virginia Conservation Agency.[3]

Located on the two tracts are a house, a garage, and a metal building. However, the parties never lived on this property. Instead, they lived in a mobile home located on an adjacent tract owned by Husband's parents. Wife's parents began living in the house located on one of the tracts soon after Husband and Wife purchased the land. It is undisputed that Wife's parents have resided in the house since that time.

The parties ultimately reached an agreement on all issues in their divorce except for the disposition of the two tracts of land, and they agreed that the family court would decide which party would be entitled to purchase the property from the other. As stated in their property settlement agreement, the parties agreed that the party to whom the family court awarded the two tracts of land would refinance the mortgage out of the other party's name. However, if that party were unable to refinance the property, the other party would be given the option to do the same. If neither party were able to refinance, the parties would put the property on the market, sell it, and divide the net proceeds.

At the final hearing on January 23, 2025, the family court approved and adopted the parties' property settlement agreement and joint parenting plan. Both parties asked the family court to permit them to buy out the other's interest in the two tracts of land. Further, they both testified about the disputed tracts of land and why each of them wanted to have the land. Wife testified that she eventually wanted to build a house on the land and that she intended to live there with the children and her parents. Further, she wanted to keep the land so that her parents could continue living there, she could continue to garden, and so that the parties' children could live close to both parents and both sets of grandparents. Husband testified that he wanted to keep the property in his family, to farm the land, and to allow animals to graze thereon. He also testified that he wanted to build a house on the land, which had he roamed the property as a child, and that it held sentimental value to him, plus the property is surrounded by his family members.

At the conclusion of the hearing, the family court took the matter under advisement and informed the parties of its decision thereafter. As reflected in its order entered February 12, 2025, the family court found that it could not divide the property in kind because the parties presented no evidence of the property's value and that it would not order the property sold because it had been in Husband's family for so long. The family court found that "the factor that sways the Court's decision . . . is the children's close contact with both their parents and both sets of grandparents." Accordingly, the family court ordered that Wife would be granted the first opportunity to refinance and to purchase Husband's interest

---

[3] The Century Farm Program is designed to recognize families who have been farming the same tract of land for at least one hundred years. *See Century Farm Program*, West Virginia Conservation Agency, https://wvca.us/education/century_farms.cfm.

in the property. The court further ordered that if Wife were unable to refinance the property, the parties were to follow the terms of their property settlement agreement, and that Wife would have 120 days to vacate the property. It is from the February 12, 2025, order that Husband now appeals.

When reviewing the order of a family court, we apply the following standard of review:

> When a final order of a family court is appealed to the Intermediate Court of Appeals of West Virginia, the Intermediate Court of Appeals shall review the findings of fact made by the family court for clear error, and the family court's application of law to the facts for an abuse of discretion. The Intermediate Court of Appeals shall review questions of law de novo.

Syl. Pt. 2, *Christopher P. v. Amanda C.*, 250 W. Va. 53, 902 S.E.2d 185 (2024); *accord* W. Va. Code § 51-2A-14(c) (2005) (specifying standards for appellate court review of family court orders). "In general, an abuse of discretion occurs when a material factor deserving significant weight is ignored, when an improper factor is relied upon, or when all proper and no improper factors are assessed but the . . . court makes a serious mistake in weighing them." *Shafer v. Kings Tire Serv., Inc.,* 215 W. Va. 169, 177, 597 S.E.2d 302, 310 (2004) (citation omitted). "Thus, a family court's decision is entitled to significant deference. Absent an abuse of discretion, this Court must refrain from substituting its judgment for that of the family court, even if this Court might have decided a case differently." *Amanda A. v. Kevin T.*, 232 W. Va. 237, 245, 751 S.E.2d 757, 765 (2013).

On appeal, Husband argues that the family court erred by permitting Wife to purchase his interest in the two tracts of land. Specifically, Husband asserts that in reaching its decision, the family court should have afforded significant weight to the fact that the property had been in his family for so long. Further, Husband contends that the family court abused its discretion by giving weight to the children's interests and Wife's parents' interests because this was a matter of equitable distribution. However, Husband acknowledges that West Virginia law is silent as to how much weight a family court should assign to a party's historical connection to a particular piece of real estate. Thus, Husband is asking this Court to extend the type of protections favoring "the protection and retention of real estate" recognized in testamentary law, contract law, and property law to equitable distribution.

While we understand Husband's argument, we find that the family court was not clearly wrong when it declined to extend the principles of these various areas of the law to the province of the family court in the matter at hand. First, the family court is afforded substantial deference, and this Court cannot substitute its judgment for that of the family court. Further, as Husband admits, the law of equitable distribution did not require the family court to afford any special weight to Husband's family ties to this property. This law

requires the family court to divide marital property equally between parties, and that is what the family court did. *See* W. Va. Code § 48-7-101. Additionally, the parties agreed that the family court would decide which of them would be entitled to purchase the property from the other. Accordingly, we cannot find that the family court abused its discretion in granting Wife the first opportunity to purchase Husband's interest in the home.

We also disagree with Husband's argument that the family court abused its discretion by considering that the children would live in close proximity to both parents, and both sets of grandparents if the family court awarded the property to Wife. The order states that the factor that "swayed" the judge was that the children would live in close proximity to their relatives. The court did not perform an analysis of best interests of the children, nor did it conclude that Wife should be awarded the land because it would be in the children's best interests. The word "sway" connotes persuasion. Considering all the evidence presented equally, as the family court was required to do, the fact that children would live near both parents and grandparents if the court awarded Wife the property persuaded the family court to rule in Wife's favor. The law neither requires nor prohibits the court from considering this fact. Similarly, the law neither requires nor prohibits the family court from considering Husband's familial ties to the land in making its decision. In fact, the court refused to order the land sold because of Husband's familial ties.[4] However, the family court did not find Husband's argument as to his familial ties as persuasive as Wife's argument. Thus, the family court did not abuse its discretion in considering the children's interests in rendering its decision.

Finally, we similarly disagree with Husband's argument that the family court based its decision on the interests of Wife's parents. In fact, the family court explicitly found in its order that it had no authority to consider Wife's parents' interests in the land and that it would not do so. The family court's order states that the factor that swayed its decision was that the children would live near both parents and both sets of grandparents. The family court had the discretion to consider this factor just as it had the discretion to consider Husband's familial ties to the property.

Accordingly, we find that the family court did not abuse its discretion in rendering its decision below; therefore, we affirm the family court's February 12, 2025, order.

Affirmed.

---

[4] While it may be unusual that the family court stated it would not order the land to be sold due to its familial ties to Husband, then not provide Husband the first right to purchase the property given those familial ties, the parties' agreement specifically dictated that the property would be sold if neither Husband nor Wife could refinance the property.

4

**ISSUED:**  October 28, 2025

**CONCURRED IN BY:**

Chief Judge Charles O. Lorensen
Judge Daniel W. Greear
Judge S. Ryan White