Juanita ROHRER, Bessie E. Fielder, Dolly Marie Blocher, and Karen Pyburn, Plaintiffs,

v.

**SLATILE ROOFING AND SHEET METAL CO., INC., Defendant.**

No. S85–214.

United States District Court, N.D. Indiana, South Bend Division.

Feb. 10, 1987.

R. Wyatt Mick, Mishawaka, Ind., Thomas R. Fette, St. Joseph, Mich., for plaintiffs.

Timothy J. Abeska, South Bend, Ind., for defendant.

## MEMORANDUM and ORDER

MILLER, District Judge.

On July 17, 1986, defendant Slatile Roofing and Sheet Metal Co., Inc. ("Slatile") filed an "Offer of Judgment" pursuant to Rule 68 of the Federal Rules of Civil Procedure. Slatile offered "to allow Judgment to be taken against it in this action for the aggregate sum of $3,200, i.e. $800 for each of the Plaintiffs". The offer was "deemed withdrawn if not accepted within 10 days after service", and included no provision relating to costs or attorney fees.

On the same day, the plaintiffs filed a document entitled "Acceptance of Offer of Judgment". The plaintiffs stated that they accepted Slatile's offer and that, following entry of judgment, the court would "determine the costs to be paid by Defendant, including Plaintiffs' reasonable attorneys fees".

The matter lay dormant until November 10, 1986 when the plaintiffs filed a motion seeking (1) a directive that the clerk enter judgment, (2) interest on the judgment from July 17, 1986 to date of payment, and (3) assessment of costs. The court granted that motion on November 14, 1986.

The clerk of the court entered judgment on November 17, 1986. On November 14, 1986, Slatile objected to entry of judgment; that objection did not, however, come to this court's attention until after the judgment was entered. The court informed the parties that it would reconsider the matter pursuant to Fed.R.Civ.P. 59, and invited the parties' comment.

At issue is the entry of judgment in the sum of $3,200.00, together with an order for interest on the judgment from the date of acceptance and an award of attorney fees pursuant to 42 U.S.C. § 2000e–5(k). Slatile argues that the judgment should not include an award of interest from the date of acceptance, and that, under 42 U.S.C. § 2000e–5(f), attorney fees should not be awarded because the offer was merely a "nuisance settlement".

■ Analysis of the parties' arguments requires a review of the rapidly evolving law relating to Rule 68 offers of judgment in Title VII actions. A Title VII plaintiff can be a "prevailing party" for the purpose of an award of statutory attorney's fees when the action is resolved through settlement. *Maher v. Gagne,* 448 U.S. 122, 100 S.Ct. 2570, 65 L.Ed.2d 653 (1980). In the same way, a Title VII plaintiff can be a "prevailing party" when the action is resolved by the offer of judgment procedure of Rule 68. *Delta Air Lines v. August,* 450 U.S. 346, 352, 101 S.Ct. 1146, 1150, 67 L.Ed.2d 287 (1981).

■ An offer of judgment is valid if it is made in a timely fashion and the parties reach agreement over the judgment's material terms. *Marek v. Chesny,* 473 U.S. 1, 105 S.Ct. 3012, 3016, 87 L.Ed.2d 1 (1985). Attorney fees under §§ 1988 and 2000e are considered costs under Rule 68. *Id.* While a plaintiff can, in a settlement agreement, waive his statutory right to seek an award of costs and attorney fees, *Evans v. Jeff D.,* —— U.S. ——, 106 S.Ct. 1531, 89 L.Ed.2d 747 (1986), waiver ordinarily will be found only when it is expressly provided in the terms of the settlement or in the offer of judgment. *Ashley v. Atlantic Richfield Co.,* 794 F.2d 128 (3rd Cir.1986); *Moore v. National Association of Security Dealers, Inc.,* 762 F.2d 1093 (D.C. Cir. 1985).

In the case before the court, it appears initially that the parties did not fulfill the requirements of Rule 68: the offer's terms differed from those of the acceptance. Sla-

tile offered a lump sum judgment, and the plaintiffs expressly conditioned their acceptance on an additional award of attorney fees. Slatile's argument that no attorney fees should be awarded implies that the offer was intended to include attorney fees. The parties reached no meeting of the minds on the fees issue. This analysis would favor vacating the judgment to allow the parties to return to renegotiate their settlement.

In *Marek v. Chesny, supra,* however, the Supreme Court stated:

We do not read Rule 68 to require that a defendant's offer itemize the respective amounts being tendered for settlement of the underlying substantive claim and for costs.

The critical feature of this portion of the Rule is that the offer be one that *allows judgment to be taken against the defendant for both the damages caused by the challenged conduct and the costs then accrued.* In other words, the drafters' concern was not so much with the particular components of offers, but with the *judgments* to be allowed against defendants. If an offer recites that costs are included or specifies an amount for costs, and the plaintiff accepts the offer, the judgment will necessarily include costs; if the offer does not state that costs are included and an amount for costs is not specified, the court will be obligated by the terms of the Rule to include in its judgment an additional amount which in its discretion, see *Delta Air Lines, Inc. v. August,* 450 U.S. at 362, 365, 101 S.Ct. at 1153, 1156 (POWELL, J, concurring), it determines to be sufficient to cover the costs. In either case, however, the offer has *allowed* judgment to be entered against the defendant both for damages caused by the challenged conduct and for costs. Accordingly, it is immaterial whether the offer recites that costs are included, whether it specifies the amount the defendant is allowing for costs, or for that matter, whether is refers to costs at all. As long as the offer does not implicitly or explicitly provide that the judgment

*not* include costs, a timely offer will be valid.

105 S.Ct. at 3016 (italics retained). The focus, then, is not whether the parties' minds have met on each component of the judgment, but rather whether the defendant offered to have judgment entered against it and whether the plaintiffs have accepted the offer of entry of judgment. Unless a defendant's offer expressly provides that the amount includes all costs, the court should determine costs under Rule 68.

Viewed in this light, these parties should be held to their agreed judgment. The parties do not dispute that they had reached an agreement over the judgment in the sum of $3,200.00, nor do they dispute that the offer did not expressly state that the amount was to include costs and attorney fees. Under *Marek,* the judgment is binding. The matters of interest and attorney fees remain for determination.

The plaintiffs request an award of interest on the $3,200.00 sum from the date of the plaintiffs' acceptance of the offer of judgment to the date that judgment was entered, fifteen weeks later. The plaintiffs contend that the clerk erred in not entering judgment when the acceptance was filed, so that interest should be theirs. Slatile responds that because the dispute over attorney fees remained, the judgment was not a sum certain; hence, the clerk could not enter judgment. Further, Slatile notes, the delay was in no way attributable to it.

■ No interest should be awarded. The plaintiffs' acceptance did not mirror Slatile's offer. If the plaintiffs believed themselves to be entitled to entry of judgment, they should have moved for entry of judgment. They did not do so. They cannot now complain that no judgment was entered after their ambiguous acceptance of the Rule 68 offer.

■ The remaining issue is whether the plaintiffs should be awarded attorney fees in this matter. Section 2000e allows the court to award reasonable attorney's fees as costs to "prevailing parties" in Title VII actions. This section is drafted in the same terms as § 1988, and the cases inter-

preting these sections apply equally. *Marek v. Chesny,* 105 S.Ct. at 3016. A plaintiff is a "prevailing party" if he succeeds on any significant issue in litigation which achieves some of the benefit he sought in bringing the suit. *Hensley v. Eckerhart,* 461 U.S. 424, 439, 103 S.Ct. 1933, 1942, 76 L.Ed.2d 40 (1983); *Nadeau v. Helgemoe,* 581 F.2d 275, 278–79 (1st Cir.1978); *Illinois Welfare Rights Organization v. Miller,* 723 F.2d 564 (7th Cir.1983). A two-fold test determines whether a party has prevailed: (1) the plaintiff's lawsuit must be causally linked to the achievement of the relief obtained; and (2) the plaintiff's claim cannot have been frivolous, unreasonable, or groundless. *Harrington v. DeVito,* 656 F.2d 264, 266–67. A plaintiff who meets this two-prong test should be awarded attorney's fees that are reasonable in light of the degree of success the offer embodies. *Hensley v. Eckerhart,* 103 S.Ct. at 1933; *Ashley v. Atlantic Richfield Co.,* 794 F.2d at 128.

█ That the plaintiffs prevailed through settlement does not extinguish or attenuate their claim for attorney fees. *Maher v. Gagne,* 448 U.S. at 131, 100 S.Ct. at 2575. Plaintiffs are not deemed "prevailing parties" in a "nuisance settlement", *Chicano Police Officers Ass'n v. Stover,* 624 F.2d 127, 131 (10th Cir.1980); *Parker v. Matthew,* 411 F.Supp. 1059 (D.C.D.C. 1976), but the standard for being a "prevailing party" is generous one that warrants fee awards even to those who obtain only partial relief, with the proviso that "minor" relief may justify an appropriately reduced award. *Hensley v. Eckerhart,* 461 U.S. at 439, 103 S.Ct. at 1942; *Ashley v. Atlantic Richfield Co.,* 794 F.2d at 134.

█ Slatile has not shown a failure to satisfy the two-prong *Harrington* test. There is no basis in the record to find that the plaintiffs would have achieved relief from Slatile had they not brought the lawsuit. Nothing in the record warrants a finding that the plaintiffs' claims were frivolous, unreasonable or groundless. Thus, the plaintiffs should be awarded attorney fees in an amount directly related to the degree of relief won.

Therefore, the court ORDERS that the plaintiffs submit an application for reasonable attorney fees, together with suitable documentary proof in this matter within ten days of the entry of this order. The defendant shall be afforded ten days thereafter to respond.

SO ORDERED.