**BROADCAST MUSIC, INC.,
et al., Plaintiffs,**

v.

**DANO'S RESTAURANT SYSTEMS, INC.
d/b/a Yellow Fin and John C. Page,
Individually, Defendants.**

**No. 94–13–CIV–T–17B.**

United States District Court,
M.D. Florida,
Tampa Division.

April 3, 1995.

C. Douglas McDonald, Jr., Pettis & Mc-Donald, PA, Tampa, FL, for plaintiffs.

Gary Nelson Strohauer, Baxter & Strohauer, P.A., Clearwater, FL, for defendants.

### ORDER ON PLAINTIFFS' MOTION FOR AWARD OF ATTORNEY FEES AND COSTS

KOVACHEVICH, District Judge.

This cause is before the Court on the following pleadings: Plaintiffs' Motion for Award of Attorney Fees and Costs (Dkt. 18), and Defendant's Response (Dkt. 22).

## I. BACKGROUND

Plaintiffs brought a copyright infringement action against Defendants pursuant to 17 U.S.C. § 505 (Dkt. 1). On July 18, 1994, Defendant Page presented an Offer of Judgment to Plaintiffs pursuant to Fed.R.Civ.P. 68 to allow judgment to be taken against him in the total amount of Five Thousand Dollars ($5,000.00). On July 25, 1994, Plaintiffs filed an Acceptance of Defendant's above-referenced Offer of Judgment (Dkt. 15). On July 28, 1994, this Court entered Final Judgment against Defendant pursuant to Fed.R.Civ.P. 68, and in response to Defendant's Offer of Judgment and Plaintiffs' Acceptance (Dkt. 16). Plaintiffs now seek an award of attorney fee and costs.

## II. PLAINTIFFS' ARGUMENT

Plaintiffs contend that as a prevailing party, they are entitled to an award of attorney fees and costs. Plaintiffs correctly point out that because the musical compositions at issue were duly registered with the United States Copyright Office in a timely manner, 17 U.S.C. § 505 permits recovery of attorney fees under certain circumstances. Plaintiffs also direct this Court's attention to several Eleventh Circuit opinions indicating that such an award may be properly granted to a prevailing party in copyright infringement cases, provided that the fee sought is reasonable. *See Original Appalachian Artworks,*

*Inc. v. The Toy Loft, Inc.*, 684 F.2d 821 (11th Cir.1982); *Cable/Home Communication Corp. v. Network Productions, Inc.*, 902 F.2d 829 (11th Cir.1990); and *Sherry Mfg. Co. v. Towel King of Florida, Inc.*, 822 F.2d 1031 (11th Cir.1987).

Plaintiffs allege that they are the prevailing party in this litigation since judgment was entered against Defendant. Plaintiffs state that they have succeeded on significant litigated issues and have achieved substantially all of the benefits sought in initiating the suit. Plaintiffs also presented this Court with well-articulated reasons as to why the fee sought is reasonable, following the guidelines set forth in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974).

## III. DEFENDANT'S ARGUMENT

Defendant points to United States Supreme Court precedent indicating that Fed. R.Civ.P. 68 allows an offer which lumps costs, including attorney fees, together with other elements of the judgment. *Marek v. Chesny*, 473 U.S. 1, 105 S.Ct. 3012, 87 L.Ed.2d 1 (1985). Defendant correctly states that this case indicated that facilitating settlements was the objective of Rule 68. Defendant also provided this Court with a Pennsylvania opinion indicating that an acceptance of an offer of judgment should specifically set forth any claim for attorney fees when such fees are not made part of the offer. *See Gamlen Chemical Co. v. Dacar Chemical Products Company*, 5 F.R.D. 215 (D.C.W.D.PA1946). Defendant also states that because he allowed judgment to be taken against him in the "total" amount of Five Thousand Dollars, that is all he should have to pay to Plaintiffs.

Lastly, Defendant argues that he intended the offer to include attorney fees and costs. Therefore, in the alternative, Defendant requests that this Court allow him to rescind

his offer because there was no mutual assent to the agreement.

## IV. DISCUSSION

■ Lump sum offers of judgment are proper under Fed.R.Civ.P. 68. The defendant need not itemize the respective amounts tendered for settlement. *Marek*, 473 U.S. at 6, 105 S.Ct. at 3015. To prohibit such offers would diminish the purpose of the rule. As the Supreme Court noted, "many a defendant would be unwilling to make a binding settlement offer on terms that left it exposed to liability for attorney's fees in whatever amount the court might fix on motion of the plaintiff." *Id.* at 7, 105 S.Ct. at 3016. In essence, Rule 68 merely requires the parties to refrain from implicitly or explicitly providing that the judgment does not include costs. Silence is acceptable.

> [I]t is immaterial whether the offer recites that costs are included, whether it specifies the amount the defendant is allowing for costs, or, for that matter, whether it refers to costs at all. As long as the offer does not implicitly or explicitly provide that the judgment *not* include costs, a timely offer will be valid.

*Id.* Accordingly, the silence of the instant parties as to the itemized amounts of the offer of judgment does not invalidate the offer. It does, however, create the dilemma of which Plaintiffs complain. Does the award include "costs?"

■ In *Marek*, the Supreme Court traced the history of Fed.R.Civ.P. 68, concluding that the drafters purposefully left the term "costs" undefined. The Court noted that while the English system includes attorney fees within the term "costs," the American system typically does not. *Id.* There are, however, certain exceptions of which the drafters were aware.[1] For example, Section 40 of the Copyright Act of 1909, 17 U.S.C. § 40 (1934 ed.), provides for attorney fees as part of costs. The Court listed additional exceptions in order to illustrate the varying

---

1. The Court noted, "The Advisory Committee's Note to Rule 54(d), 28 U.S.C.App., p. 621, contains an extensive list of the federal statutes which allowed for costs in particular cases; of the 35 'statutes as to costs' set forth in the final paragraphs of the Note, no fewer than 11 allowed for attorney's fees as part of costs."

definitions of the term "costs." The Court concluded that against this background, the drafters refrained from defining the term "costs" so that the courts could apply the underlying statute to define "costs." Therefore, if the underlying statute provides that attorney fees is included within the term "costs," then the final judgment includes attorney fees.[2] Accordingly, resolution of Plaintiffs' dilemma requires an examination of the underlying statute, 17 U.S.C. § 505.

A review of 17 U.S.C. § 505 reveals that "costs" includes reasonable attorney fees. While Section 505 gives a court discretion in awarding attorney fees, "because the Copyright Act is intended to encourage suits to redress copyright infringement, fees are awarded to a prevailing party as a matter of course." *Frost Belt Inter. v. Cold Chillin' Records,* 758 F.Supp. 131, 140 (S.D.N.Y.1990) (citing *Whimsicality, Inc. v. Rubie's Costume Co., Inc.,* 891 F.2d 452 (2d Cir.1989); *Roth v. Pritikin,* 787 F.2d 54 (2d Cir.1986); *Diamond v. Am–Law Publishing Corp.,* 745 F.2d 142 (2d Cir.1984)). Therefore, the Court finds that the final judgment included attorney fees, and Plaintiffs' Motion for Award of Attorney Fees and Costs is denied. Accordingly, it is

ORDERED that Plaintiffs' Motion for Award of Attorney Fees and Costs (Dkt. 19) is **denied.**

DONE AND ORDERED.

**2.** Specifically, the Court stated, "Thus, absent congressional expressions to the contrary, where the underlying statute defines 'costs' to include attorney's fees, we are satisfied such fees are to be included as costs for purposes of Rule 68."