**Thomas B. BLUMEL, Sr., Plaintiff,**

v.

**Thomas A. MYLANDER, individually and in his official capacity as Hernando County Sheriff; Hernando County, a political subdivision of the State of Florida; and Corrections Corporation of America, a Tennessee corporation, Defendants.**

**No. 95–1534–CIV–T–17A.**

United States District Court, M.D. Florida, Tampa Division.

March 6, 1996.

Christopher M. Shulman, Law Office of Christopher M. Shulman, Tampa, FL, for plaintiff.

Caroline Anne Falvey, Green, Kaster & Falvey, P.A., Ocala, FL, and F. Scott Pendley, Dean, Ringers, Morgan and Lawton, P.A., Orlando, FL, for defendants.

## ORDER ON BLUMEL'S MOTION FOR ATTORNEY'S FEES AND SHERIFF MYLANDER'S MOTIONS TO DISMISS AND TO SET ASIDE COST JUDGMENT

KOVACHEVICH, District Judge.

This cause comes before the Court on the following motions, responses, and supporting material:

1. Motion to Dismiss of Sheriff Mylander (hereinafter the Sheriff), filed October 11, 1995 (Docket No. 5).

2. Memorandum in Opposition to Sheriff Mylander's Motion to Dismiss, filed October 20, 1995 (Docket No. 7).

3. Thomas B. Blumel, Sr.'s (hereinafter Blumel) Renewed, Verified Motion for Attorney's Fees, filed December 8, 1995 (Docket No. 18).

4. The Sheriff's Renewed Objection to Blumel's Renewed, Verified Motion for Attorney's Fees and Verified Bill of Costs or, in the Alternative, the Sheriff's Motion to Rescind Offer of Judgment and Set Aside Judgment, filed December 18, 1995 (Docket No. 20).

5. The Sheriff's Motion to Set Aside Cost Judgment, filed January 8, 1995 (Docket No. 25).

6. Objection to Amount of Attorney's Fees Sought by Blumel's Renewed, Verified Motion for Attorney's Fees, filed February 12, 1996 (Docket No. 33).

## FACTS

On September 18, 1995, Blumel filed a verified complaint against three (3) defendants, one of which is the Sheriff. According to his complaint, Blumel was arrested by a deputy of the Sheriff on November 9, 1992. Acting without a warrant, the deputy sheriff arrested Blumel for allegedly violating a restraining order, which rendered him in civil contempt of court. The deputy sheriff then transported Blumel to the Hernando County Jail.

After spending the night in jail, Blumel appeared before a Hernando County Judge, the Honorable Peyton Hyslop. According to the complaint, "Judge Hyslop did not determine whether Blumel was entitled to a public defender, did not specifically advise him of the charges against him, and did not make any determination as to either probable cause or [Blumel's] entitlement to bail." Verified Civil Rights Complaint and Demand for Jury Trial at 3 (Docket No. 1). Instead, Blumel alleges that the judge indicated he was in the "wrong court." Thus, the judge sent Blumel back to the jail until he appeared before Florida Circuit Judge Richard Tombrink, Jr., who had issued the restraining order.

Blumel spent the next thirty (30) days in jail. Finally, on December 10, 1992, Blumel was brought before Judge Tombrink. Dismissing the civil contempt charge for a lack of evidence, Judge Tombrink released Blumel from custody.

## PROCEDURAL HISTORY

In his complaint, Blumel alleges that the Sheriff violated Section 1983, 42 U.S.C. § 1983 (1988), by depriving Blumel of his constitutional right to due process. In particular, Blumel asserts that the Sheriff violated his constitutional duty to ensure that warrantless pre-trial detainees, such as Blumel, are arrested and detained only after a probable cause determination. Blumel additionally alleges that the two (2) other defendants, Hernando County and Corrections Corpora-

tion of America, violated Section 1983. With respect to Corrections Corporation of America, which operated the Hernando County jail pursuant to a contract, Blumel also asserts two (2) state law claims, false imprisonment and negligence.

Before answering the complaint, the Sheriff moved to dismiss it for failure to state a claim. Before this Court ruled on his motion, however, the Sheriff offered Blumel $501.00 "to settle all pending claims against him." The Sheriff's Offer of Judgment (Docket No. 11). Within six (6) days, Blumel accepted the offer (Docket No. 11). On November 29, 1995, the Clerk of this Court accordingly entered judgment (Docket No. 14). In addition to entering judgment, the Clerk taxed $132.40 against the Sheriff for Blumel's filing and copying costs. (Bill of Costs–Docket No. 19). In one of the motions before the Court, the Sheriff seeks to set aside the Clerk's taxing of $132.40.

In another motion at bar, Blumel asks this Court to award him a reasonable attorney's fee pursuant to Section 1988, 42 U.S.C. § 1988 (1988). Specifically, Blumel seeks approximately $5,162.50. In response, the Sheriff objects to both Blumel's entitlement to an attorney's fee and the proposed amount.[1] If the Court fails to sustain his objections, the Sheriff moves for an Order setting aside the judgment and rescinding his Offer of Judgment.

## OFFERS OF JUDGMENT AND ATTORNEY'S FEES AND COSTS

■ Under Fed.R.Civ.P. 68, a defendant may make an Offer of Judgment in lump sum form. *Marek v. Chesny*, 473 U.S. 1, 6–7, 105 S.Ct. 3012, 3015–16, 87 L.Ed.2d 1 (1985). In other words, defendants need not allocate offers between damages and costs. *Id.* at 7, 105 S.Ct. at 3015–16. Rather, the defendant may make an offer which, if accepted, represents his or her total liability. *Id.* Indeed, if defendants were prevented from making lump sum offers, they would be more reluc-

---

1. Seeking information about the fee amount, the Sheriff served Blumel with a request to produce certain attorney-client documents. However, on February 1, 1996, this Court entered a Protective

Order pending the outcome of the present motions. *See* Joint Motion for Preliminary Ruling on Blumel's Entitlement to Attorney's Fees and Costs and for Protective Order (Docket No. 31).

tant to settle. *Id.* at 8, 105 S.Ct. at 3016. Thus, as the Supreme Court noted in *Marek,* failing to recognize lump sum offers would frustrate the purpose behind Rule 68, to encourage settlements. *Id.* at 11, 105 S.Ct. at 3017–18.

 The term "costs" in Rule 68 includes "all costs properly awardable in an action." *Marek,* 473 U.S. at 9, 105 S.Ct. at 3016. In a Section 1983 action, "costs" include the prevailing party's attorney's fees. *Id.* Therefore, under *Marek,* a defendant's accepted lump sum offer in a Section 1983 case indicates his or her total liability for damages, costs, and attorney's fees.

This Court recently found an offer to be "lump sum" in *Broadcast Music, Inc. v. Dano's Restaurant Systems, Inc.,* 902 F.Supp. 224 (M.D.Fla.1995). In *Broadcast Music,* the plaintiff sued the defendant for copyright infringement. *Id.* at 225. In response, the defendant presented the plaintiff with an Offer of Judgment. *Id.* In particular, the defendant offered "to allow judgment to be taken against him in the *total amount* of Five Thousand Dollars ($5,000.00)" *Broadcast Music,* Case No. 94–13–Civ–T–17B, Docket No. 22 (emphasis added). After the plaintiff accepted and the Court entered judgment, the plaintiff moved for attorney's fees and costs. *Broadcast Music,* 902 F.Supp. at 225. This Court denied the plaintiff's motion, finding that the defendant made a valid lump sum offer. *Id.* at 227. The Court reasoned that the defendant's "total amount" offer included attorney's fees, which courts award the prevailing party "as a matter of course" under the Copyright Act. *Id.* at 226–27.

 In the present case, the issue before the Court is whether the Sheriff's Offer of Judgment was in a valid lump sum form. Blumel contends that the Sheriff's offer "to settle all pending claims against him" merely reflected his Section 1983 liability. Blumel also purports to distinguish the "total amount" language in the *Broadcast Music* Offer of Judgment from the "all pending claims" language in the Sheriff's Offer of Judgment.

The Sheriff asserts that he made a valid lump sum offer for $501.00 and that he "did not intend to expose himself to liability for attorney's fees [and costs] in whatever amount the Court might fix on motion of [Blumel]." The Sheriff's Renewed Objection to Blumel's Renewed, Verified Motion for Attorney's Fees and Verified Bill of Costs at 6 (Docket No. 20). The Sheriff also compares his Offer of Judgment to the *Broadcast Music* Offer of Judgment.

The Court finds that the Sheriff made a valid lump sum Offer of Judgment. The Sheriff's "all pending claims" language is functionally equivalent to the "total amount" language in *Broadcast Music.* Both phrases clearly reflect the offeror's intent for a final and complete settlement. In addition, the large disparity between the Sheriff's $501.00 offer and Blumel's $5,162.50 requested attorney's fee corroborates the Sheriff's lump sum intent.

By offering to settle, the Sheriff sought finality. By accepting, Blumel made a tactical decision. Awarding Blumel attorney's fees and costs post-settlement would result in a complete windfall to his lawyer and subject the Sheriff to unforeseen liability. More importantly, such an award would ultimately discourage settlements and, thus, highly frustrate the policy behind Rule 68. As the Supreme Court noted in *Marek,* civil rights plaintiffs such as Blumel should "think very hard" about offers and their terms before settling. 473 U.S. at 11, 105 S.Ct. at 3017. Therefore, the Court denies Blumel's motion for attorney's fees and vacates the $132.40 cost judgment against the Sheriff. Accordingly, it is

**ORDERED** that Blumel's Renewed, Verified Motion for Attorney's Fees (Docket No. 18) be **DENIED;** the Sheriff's Motion to Set Aside Cost Judgment (Docket No. 25) be **GRANTED;** the Sheriff's Motion to Dismiss (Docket No. 5) be **DENIED** as moot; and the Clerk of Court be **directed** to **vacate** the Bill of Costs (Docket No. 19) and **reaffirm** judgment in accord with the acceptance of Offer of Judgment (Docket No. 14).

DONE AND ORDERED.