664 S.E.2d 109

Robin L. CROFT, Jill A. Armitage And Brandy G. McCoy, Plaintiffs Below, Appellants,

v.

TBR, INC., et al., Defendants Below, Appellees,

Erie Insurance Property & Casualty Company, Intervenor.

No. 33504.

Supreme Court of Appeals of West Virginia.

Submitted Feb. 12, 2008.

Decided March 18, 2008.

Michael J. Olejasz, Esq. Ferro & Olejasz Wheeling, WV, Attorney for the Appellants.

P. Joseph Craycraft, Esq. Dickie, McCamey & Chilcote Wheeling, WV, Attorney for TBR, Inc., et al.

Amy M. Smith, Esq., Steptoe & Johnson, Clarksburg, WV, Melanie Morgan Norris, Esq., Jacob A. Manning, Esq., Steptoe & Johnson Wheeling, WV, Attorneys for Erie Insurance Property & Casualty Company.

PER CURIAM.

The appellants and plaintiffs below, Robin L. Croft, Jill A. Armitage, and Brandy G. McCoy, appeal the December 14, 2006, order of the Circuit Court of Ohio County insofar as the order denied the appellants' motion for attorney fees and costs. The appellants brought sexual harassment-related claims under the State Human Rights Act against the appellees and defendants below, TBR, Inc., d/b/a TJ's Sports Garden and Restaurant, Tashe Jovanni Radevski, and Shane Kulpa, and ultimately accepted offers of judgment made, pursuant to Rule 68 of the West Virginia Rules of Civil Procedure, by the defendants and intervenor Erie Insurance Property and Casualty Company. After accepting the offers of judgment, the appellants moved for attorney fees and costs. The circuit court denied the motions on the basis that the offers of judgment were inclusive of fees and costs. After careful consideration of the issue raised and the arguments of the parties, we reverse the ruling of the circuit court and remand for proceedings consistent with this opinion.

## I.

## FACTS

The appellants brought three separate sexual-harassment related actions under our Human Rights Act, W.Va.Code §§ 5–11–1, *et seq.*[1] against the defendants below and appellees herein, TJ's Sports Garden and Restaurant, Mr. Radevski and Mr. Kulpa.[2] The appellees were insured by the intervenor herein, Erie Insurance Property and Casualty Company. The appellants' actions were eventually consolidated under the *Croft* action.[3] At some point, Appellee Erie Insurance Property and Casualty Company moved

---

1. Count 1 of the appellants' complaints, which are substantially similar, assert that the defendants violated the Human Rights Act entitling the appellants to attorney fees and costs pursuant to W.Va.Code § 5–11–13. Each complaint also contains an *ad damnum* clause containing a second demand for attorney fees and costs.

2. Only Ms. McCoy's complaint named Mr. Kulpa as a defendant.

3. All three appellants were represented by the same attorney below and on appeal.

the circuit court to grant it intervenor status as a party defendant in order to seek declaratory judgments regarding its duty to provide indemnifications and defenses.[4]

After the appellees rejected the appellants' settlement demands and mediation failed, the appellees made offers of judgment to each appellant pursuant to Rule 68 of the West Virginia Rules of Civil Procedure.[5] These offers of judgment provided that,

> Pursuant to the provisions of Rule 68 of the West Virginia Rules of Civil Procedure (2006), the defendants, TBR, Inc., d/b/a TJ's Sports Garden and Restaurant, and Tashe Jovanni Radevski, and Shane Kulpa, hereby allow judgment to be taken against them by the plaintiff, [Plaintiff's Name], for full satisfaction and dismissal of all claims which have been and/or could have been asserted by plaintiff and any other person or entity in this civil action, including any subrogation claims/liens had by any person or entity for payments made to or on behalf of plaintiff, in the total amount of Thirteen Thousand Dollars and No Cents ($13,000.00), to be paid on defendants' behalf by Erie Insurance Property and Casualty Company.

> This offer of judgment is made for the purposes specified in Rule 68 and is not to be construed either as an admission that the defendants are liable in this action, or that plaintiff has sustained any damages. According to Rule 68(c), if this offer is not accepted within ten days after the service of the offer, it shall be deemed withdrawn. Should plaintiff not accept defendants' of-

fer herein within the expiration of the ten day period, and should the judgment finally obtained by plaintiff against defendants not exceed Thirteen Thousand Dollars and No Cents ($13,000.00), defendants will, pursuant to Rule 68(c), seek an Order from the Court requiring plaintiff to pay all costs incurred in the defense of this case subsequent to the date of this offer.

The appellants accepted the offers of judgment.[6] Subsequently, the appellants filed a motion with the circuit court for attorney fees and costs. After a hearing on the matter, the circuit court denied the motion on the basis that the language in the offers of judgment specifically referring to "[a]ll claims that have been or could be asserted," is broad enough to include attorney's fees and costs.[7] Appellants now appeal the circuit court's ruling.

## II.

### STANDARD OF REVIEW

■ This Court is called upon in this case to review the circuit court's interpretation of the language in the offers of judgment. We have recognized that "courts apply ordinary contract principles in determining what was intended in an offer of judgment[,]" *Meadows v. Wal–Mart Stores, Inc.*, 207 W.Va. 203, 220, 530 S.E.2d 676, 693 (1999), *quoting Pope v. Gap, Inc.*, 125 N.M. 376, 379, 961 P.2d 1283, 1286 (1998), and that interpretation of contract language is a question of law. *See Wood v. Acordia of West Virginia, Inc.*, 217 W.Va. 406, 411, 618 S.E.2d 415, 420 (2005)

---

**4.** It appears that Erie's motion was never ruled upon.

**5.** According to Rule 68(a) of the West Virginia Rules of Civil Procedure,

At any time more than 10 days before the trial begins, a party defending against a claim may serve upon the adverse party an offer to allow judgment to be taken against the defending party for the money or property or to the effect specified in the defending party's offer, with costs then accrued. If within 10 days after the service of the offer the adverse party serves written notice that the offer is accepted, either party may then file the offer and notice of acceptance together with proof of service thereof and thereupon the court shall direct entry of the judgment by the clerk.

**6.** The appellants' acceptances of the offers of judgment provided:

Pursuant to Rule 68 of the West Virginia Rules of Civil Procedure, Plaintiff ... hereby accepts the Offer of Judgment dated August 28, 2006, served upon her through counsel by hand delivery on that date, to be paid by Erie Insurance Property and Casualty Company on behalf of the Defendants. The original said Offer of Judgment is attached hereto.

**7.** The ruling denying the fees and costs was part of the circuit court's December 14, 2006, judgment order in which the court awarded to each of the appellants $13,000.00, to be paid specifically by Erie, as well as post-judgment interest.

("it is the province of the circuit court, and not of a jury, to interpret a written contract" (citations omitted)). This Court has further held that "[w]here the issue on an appeal from the circuit court is clearly a question of law ... we apply a *de novo* standard of review." Syllabus Point 1, in part, *Chrystal R.M. v. Charlie A. L.*, 194 W.Va. 138,459 S.E.2d 415 (1995). Accordingly, we will review *de novo* the circuit court's interpretation of the language in the offers of judgment.

## III.

## DISCUSSION

 It is undisputed that judgment taken against a defendant pursuant to Rule of Civil Procedure 68(a) must also include "costs then accrued." *See Shafer v. Kings Tire Service, Inc.*, 215 W.Va. 169, 173, 597 S.E.2d 302, 306 (2004) ("By its terms, an offer of judgment must include not only an offer of judgment on the claim raised by the plaintiff, but such an offer must also include 'costs then accrued.'") *Citing* Franklin D. Cleckley, Robin Jean Davis & Louis J. Palmer, *Litigation Handbook on West Virginia Rules of Civil Procedure*, § 68(a), p. 1046 (2002).[8] The specific issue in this case is whether the offers of judgment were inclusive of attorney fees and costs or whether it is incumbent on the circuit court to include in its judgment an additional amount sufficient to cover the attorney fees and costs. Based on this Court's decision in *Shafer v. Kings Tire Service, Inc.*, *supra*, and in light of our discussion in footnote 8 of that opinion, we conclude that the offers of judgment are not inclusive of attorney fees and costs.

In *Shafer*, the plaintiff, Mr. Shafer, sued Kings Tire Service, Inc. for, among other things, disability discrimination under the Human Rights Act, W. Va.Code § 5–11–9(1) (1998). Kings Tire ultimately made an offer of judgment under Rule 68(a) which allowed judgment to be taken against it for $125,000, "which shall include costs then accrued." *Shafer*, 215 W.Va. at 172, 597 S.E.2d at 305. Mr. Shafer accepted the offer of judgment.

Shortly thereafter, Mr. Shafer filed a motion for attorney fees pursuant to the Human Rights Act cost-shifting provision at W.Va. Code § 5–11–13(c),[9] in which he requested $17,227.30 in expenses and $50,457.50 in attorney fees. Kings Tire objected to the payment of any fees contending that the Human Rights Act authorizes attorney fees only if the court finds that the defendant engaged in discriminatory practices as prohibited by the Act. According to Kings Tire, the offer of judgment did not constitute a finding of discriminatory practices. The circuit court found that the offer of judgment did not preclude an award of attorney fees of $25,000 in addition to the offer of judgment. However, the circuit court failed to disclose any reasoning in support of the fee amount. Mr. Shafer appealed the ruling to this Court.

 On appeal, this Court framed the issues in the case as follows: "(1) did the circuit court have authority to enter any award of costs in this case given the relation-

---

8. In Cleckley, Davis & Palmer, *Litigation Handbook on West Virginia Rules of Civil Procedure*, § 68(a), p. 1401 (2d ed.2006), the commentators explained:

> If an offer recites that costs are included or specifies an amount for costs, and the plaintiff accepts the offer, the judgment will necessarily include costs; if the offer does not state that costs are included and an amount for costs is not specified, the trial court will be obliged by the terms of the rule to include in its judgment an additional amount which, in its discretion, it determines to be sufficient to cover the costs. In either case, however, the offer has allowed judgment to be entered against the defendant both for damages caused by the challenged conduct and for costs.

*Citing Marek v. Chesny*, 473 U.S. 1, 105 S.Ct. 3012, 87 L.Ed.2d 1 (1985).

9. W.Va.Code § 5–11–13(c) (1998) provides,

> In any action filed under this section, if the court finds that the respondent has engaged in or is engaging in an unlawful discriminatory practice charged in the complaint, the court shall enjoin the respondent from engaging in such unlawful discriminatory practice and order affirmative action which may include, but is not limited to, reinstatement or hiring of employees, granting of back pay or any other legal or equitable relief as the court deems appropriate. In actions brought under this section, the court in its discretion may award all or a portion of the costs of litigation, including reasonable attorney fees and witness fees, to the complainant.

ship between Rule 68(a) and the cost-shifting provision of the West Virginia Human Rights Act and (2) did the circuit court abuse its discretion in awarding Mr. Shafer only partial costs?" *Shafer*, 215 W.Va. at 173, 597 S.E.2d at 306. In deciding this issue, we first recognized that, "[b]y its terms, an offer of judgment must include not only an offer of judgment on the claim raised by the plaintiff, but such an offer must also include 'costs then accrued.'" *Id.* (citation omitted). We then noted that "[t]he Human Rights Act's cost-shifting section defines 'costs' as 'including reasonable attorney fees[.]'" *Shafer*, 215 W.Va. at 174, 597 S.E.2d at 306. Finally, we looked to the seminal United States Supreme Court case interpreting Federal Rule of Civil Procedure 68, *Marek v. Chesny*, 473 U.S. 1, 105 S.Ct. 3012, 87 L.Ed.2d 1 (1985), in which the Supreme Court held that the cost provision of Rule 68 extended to an award of attorney fees under 42 U.S.C. § 1988 which is the general fee shifting provision for federal civil rights litigation. Accordingly, this Court held that,

> Costs included under West Virginia Rule of Civil Procedure 68(a) include attorney's fees when any statute applicable to the case defines costs as including attorney's fees. However, costs under Rule 68(a) do not include attorney's fees if the statute creating the right to attorney's fees defines attorney's fees as being in addition to, or separate and distinct from, costs.

Syllabus Point 4, *Shafer*. We further held that, "[b]ecause the Human Rights Act defines costs as including attorneys fees, the costs included in a Rule 68 offer of judgment includes attorney's fees." Syllabus Point 5, *Shafer*. This Court reversed the circuit court's ruling and remanded for the court to make the requisite findings of fact and conclusions of law on the issue of reasonable attorney fees.

■ Of particular significance to the instant case is our decision in *Shafer* that although the offer of judgment in that case expressly indicated that the offer of $125,000 "include[d] costs then accrued," the sum of $125,000 was not inclusive of attorney fees because the offer of judgment did not explicitly state that it was inclusive of attorney

fees. It was the position of Kings Tire that the $125,000 offer of judgment was based upon the average back pay of Mr. Shafer *and* the then-accrued attorney fees so that no additional fees should be awarded. This Court rejected Kings' argument, and explained our reasoning in footnote 8:

> Although it is not an implausible reading of Rule 68 to say that the explicit inclusion of costs includes attorney's fees where costs themselves include fees, this is not the position the federal courts have taken. Rather, as we identified in *Meadows [v. Wal–Mart Stores, Inc.*, 207 W.Va. 203, 530 S.E.2d 676 (1999)], courts apply contract principles to offers of judgment, 207 W.Va. at 220, 530 S.E.2d at 693, and in so doing "courts tend to interpret Rule 68 offers against the defendants who drafted them[.]" 12 [Charles Alan Wright, *et al.,*], *Federal Practice & Procedure* ... § 3005.1 at 112 [2d ed.1997] (footnote omitted). Consequently, unless the offer explicitly includes attorney's fees, the courts construe the offer to be silent as to attorney's fees if fees are not explicitly included, thereby necessitating an attorney's fee award beyond the sum included in the offer.
>
> We implied as much in *Jordan [v. National Grange Mutual Insurance Co.]*, 183 W.Va. [9] at 13 n. 3, 393 S.E.2d [647] at 651 n. 4 [(1990)], where we noted in the context of an offer of judgment that "[t]he recovery of reasonable attorney's fees must be explicitly waived by the parties to bar the court from awarding such fees in those types of cases where reasonable attorney's fees are otherwise recoverable." *See also Rohrer v. Slatile Roofing & Sheet Metal Co.*, 655 F.Supp. 736, 737 (S.D.Ind. 1987) ("While a plaintiff can, in a settlement agreement, waive his statutory right to seek an award of costs and attorney fees, waiver ordinarily will be found only when it is expressly provided in the terms of the settlement or in the offer of judgment." (citations omitted)). Based on a similar reasoning, one leading federal treatise has explained, "[a]s a consequence, even defendants who honestly believe that they have capped their total liability may find that they are required to pay plain-

tiff's attorneys fees in addition to the sum in the Rule 68 offer because their offers did not explicitly provide otherwise." 12 *Federal Practice & Procedure, supra,* § 3005, at 112–13 (footnote omitted). Thus, we agree that "[t]he better practice for defendants therefore would be to address the question in ... explicit fashion in their offers of judgment." *Id.* at 112 (citing the language from the offer of judgment in *Marek* which provided that the offer was " 'for a sum, including costs now accrued and attorney's fees, of $100,-000.' ").

*Shafer,* 215 W.Va. at 176 n. 8, 597 S.E.2d at 309 n. 8. Therefore, *Shafer* stands for the principle of law that unless a defendant's offer of judgment under Rule 68(a) explicitly provides that the amount of the offer is inclusive of costs and attorney fees, the circuit court should determine costs and fees in addition to the amount stated in the offer of judgment.

When we apply this principle to the instant facts, we find that the offers of judgment of $13,000.00 to each of the three appellants do not explicitly state that the sum offered is inclusive of costs and attorney fees. The term "explicit" is defined as "fully and clearly expressed or demonstrated; leaving nothing merely implied; unequivocal." Random House Webster's Unabridged Dictionary 681 (2d ed.1998). Here, the appellees' offers of judgment do not clearly demonstrate and are not unequivocal that the offers are inclusive of attorney fees and costs. Therefore, we conclude that the circuit court erred in ruling that the offers are inclusive of fees and costs.

The appellees assert several arguments in support of their position that the offers of judgment are inclusive of attorney fees and costs. First, the appellees argue that the fact that the language in the offers of judgment which refers to "all claims which have been and/or could have been asserted," "the total amount," and "the judgment finally obtained," coupled with the fact that the appellants' complaints specifically request attorney fees as part of the relief sought make it clear that such relief is included in the offers of judgment. The appellees also point for support to what they refer to as liability-limiting

language in the offers of judgment such as "for full satisfaction and dismissal of all claims which have been and/or could have been asserted by plaintiff and any other person or entity in this civil action." We reject this argument. While the language cited by the appellees arguably implies that costs and fees are included in the offers, it does not state it explicitly. In other words, the language in the offers of judgment does not unequivocally express that costs and fees are included in the sum of $13,000.00. Thus, under our rule, costs and attorney fees are not included in the appellees' offers of judgment.

The appellees also aver that the entire circumstances below indicate that costs and attorney fees are included in the offers. According to the appellees, the offers followed global settlement demands by the appellants as well as mediation. In both instances, say the appellees, the proposed terms clearly indicated that the appellants would agree to release *all* claims against the appellees as well as any claims against Erie. This fact is clear, say the appellees, from the letters that accompanied the offers of judgment. These letters stated that,

> Enclosed please find three Offers of Judgment issued to each of your clients. These offers are being made as a continuation of the global settlement negotiations instituted by yourself some time ago, and more recently, continued during the mediation of this matter held on July 19, 2006. Accordingly, the same stipulations placed on the offers extended by Erie Insurance Property and Casualty Insurance Company at the mediation also apply to the Offers of Judgment enclosed herein. Namely, that the $13,000.00 offer will be applied to the underlying claims against Mr. Radevski and TJ's Sports Garden, with the understanding that the plaintiffs will voluntarily dismiss their third party bad faith claims against Erie, with prejudice.

This Court finds no merit to the appellees' argument. The appellees do not claim, and this Court can find nothing in the record, to indicate that the parties discussed specifically the issue of whether attorney fees and costs would be included in lump sum offers of

judgment or that the appellants explicitly waived their statutory right to seek an award of costs and attorney fees.

In addition, the appellees cite several cases in their brief which hold that a Rule 68 offer of judgment does not require invocation of the specific words "attorney fees" to unambiguously include such fees in the sum offered. *See e.g., Nordby v. Anchor Hocking Packaging Co.*, 199 F.3d 390 (7th Cir.1999); *Pelkowski v. Highland Managed Care Group, Inc.*, 2002 WL 1836509 (7th Cir. Aug. 9, 2002 order); *Broadcast Music, Inc. v. Dano's Restaurant Systems, Inc.*, 902 F.Supp. 224 (M.D.Fla.1995); *Blumel v. Mylander*, 165 F.R.D. 113 (M.D.Fla.1996). We are not persuaded by these cases. As noted by the appellants, these cases were in existence when this Court decided *Shafer*, yet this Court did not adopt the reasoning in these cases. We did, however, cite with approval *Rohrer v. Slatile Roofing & Sheet Metal Co.*, 655 F.Supp. 736, 737 (S.D.Ind. 1987), and that case's statement that "[w]hile a plaintiff can, in a settlement agreement, waive his statutory right to seek an award of costs and attorney fees, waiver ordinarily will be found only when it is expressly provided in the terms of the settlement or in the offer of judgment."

■ The appellees further posit that the language in footnote 8 of *Shafer* is merely dictum and does not control the instant case. It is true that "language in a footnote generally should be considered obiter dicta which, by definition, is language 'unnecessary to the decision in the case and therefore not precedential.' " *State ex rel. Medical Assurance v. Recht*, 213 W.Va. 457, 471, 583 S.E.2d 80, 94 (2003), quoting *Black's Law Dictionary* 1100 (7th ed.1999). However, the language in footnote 8 of *Shafer* was necessary to address Kings Tire's assertion that the $125,000 offer of judgment was based upon the average back pay of Mr. Shafer and then-

accrued attorney fees. If this Court had agreed with Kings Tire on this issue, it would not have been necessary to remand for the circuit court to determine reasonable attorney fees in addition to the $125,000 offer of judgment. Moreover, the language in footnote 8 is not an off-the-cuff statement but rather a reasoned analysis that is supported by citation to legal authority. Finally, footnote 8 is consistent with this Court's previous assertions that a plaintiff's waiver of reasonable attorney fees must be explicit. Thus, we reject the appellees' argument on this matter.[10]

## IV. CONCLUSION

For the reasons set forth above, we find that the appellees' offers of judgment do not explicitly indicate that they are inclusive of attorney fees and costs. Therefore, the circuit court must award to the appellants reasonable attorney fees and costs in addition to the offers of judgment pursuant to Rule of Civil Procedure 68 and *Shafer*. Accordingly, we reverse the December 14, 2006, order of the Circuit Court of Ohio County to the extent that the order denied the appellants' motion for attorney fees and costs in addition to the amounts stated in the offers of judgment, and we remand for the circuit court to determine the issue of reasonable attorney fees and costs pursuant to the factors set out in Syllabus Point 4 of *Aetna Casualty & Surety Co. v. Pitrolo*, 176 W.Va. 190, 342 S.E.2d 156 (1986), and other applicable law.

Reversed and remanded.

Justice STARCHER concurs and reserves the right to file a concurring opinion.

Justice BENJAMIN dissents and reserves the right to file a dissenting opinion.

10. Another argument of the appellees is that awarding costs and attorney fees to the appellants in addition to the offers of judgment would result in a complete windfall to the appellants' attorney and subject the appellees to unforeseen liability. More importantly, say the appellees, it would ultimately discourage settlements and frustrate the policy behind Rule 68. The appellees present no evidence in support of these bare assertions and, frankly, this Court fails to apprehend how awarding the appellants their costs and attorney fees would have any of these undesirable results. The simple fact remains that defendants who draft Rule 68 offers of judgment have been clearly instructed to explicitly state that the offer is inclusive of costs and attorney fees if that is the defendant's intent in making the offer.

STARCHER, J., concurring.

I am a firm believer that cases should be resolved upon their merits, on the facts and on the law. I despise attempts to tangle the legal process with hidden traps and procedural games of "gotcha!" All participants in the legal process—judges, lawyers and litigants—should constantly strive for simplicity and clarity, and strive to say what they mean and mean what they say.

The Legislature has made a clear statement of public policy that individuals who violate the West Virginia Human Rights Act must not only pay compensatory damages to their victim, but they must also the victim's attorney fees and costs. *See W. Va. Code*, 5–11–13(c) [1998]. The Legislature's policy is a recognition of the fact that, without a fee-and-cost-shifting provision, the Act's beneficial social purposes would often be left unfulfilled. Discriminatory conduct in violation of the Act does not always cause substantial financial harm, so lawyers working on a contingent fee could not financially afford to take up the cause of enforcing the Act on behalf of those directly harmed. Accordingly, requiring violators of the Act to also pay the victim's legal fees and costs therefore not only encourages lawyers to represent victims of discrimination, it also acts as a significant financial deterrent to those individuals who might otherwise ignore the Act.

When settling a lawsuit filed under the Act, this Court said quite clearly in *Shafer v. Kings Tire Service, Inc.*, 215 W.Va. 169, 176 n. 8, 597 S.E.2d 302, 309 n. 8 (2004) that unless a defendant's offer of judgment under Rule 68(a) explicitly provided that the amount of the offer included costs and attorney fees, then the circuit court should proceed to assess costs and attorney fees in addition to the amount stated in the offer of judgment.

In the instant case, the defendants made an offer of judgment under Rule 68(a) that vaguely offered to resolve "all claims which

have been and/or could have been asserted by plaintiff[.]" The defendants, citing to several federal court cases that preceded our decision in *Shafer*[1], contend that the plaintiffs should have been aware that the defendants implicitly intended that the term "claim" meant that the defendants intended for their offer to include attorney fees and costs, contrary to this Court's holding in *Shafer*.

In other words, the defendants are arguing for a "gotcha" situation. The defendants are asserting that the plaintiffs walked at their own peril into a procedural minefield created by the defendants, and must now suffer the consequences. This is nonsense, and to have adopted this result would have subverted the intent of the Legislature.

The majority's opinion stands for a common sense interpretation of Rule 68 offers of judgment: when a party makes an offer of judgment, the party must say what their offer means with clarity and precision. In a Human Rights Act claim, if a defendant intends for an offer of judgment to resolve the plaintiff's compensatory damages *and* the plaintiff's claim for attorney fees and litigation expenses, then the offer must say so with specificity.

I respectfully concur with the majority's opinion.

BENJAMIN, Justice, dissenting.

The circuit court did not err in its determination that attorney fees and costs were included within the language of the offers of judgment at issue herein. As noted by the majority, the offers were made "for full satisfaction and dismissal of all **claims which have been and/or could have been asserted**" and each complaint specifically set forth a *claim* for attorneys' fees under W. Va. Code § 5–11–13 (1998), the provision of the West Virginia Human Rights Act which authorizes the recovery of attorney fees and costs by a successful complainant. (Emphasis added). Implicit in the circuit court's order denying

---

1. I would note that in *Shafer* a motion for attorney fees' was not made until after acceptance of the offer of judgment and there is no indication in the opinion that the *Shafer* complaint contained an express claim for attorney fees as did the complaints herein. Additionally, the request

for attorney fees in *Shafer* was challenged on the basis that attorney fees could not be awarded absent a finding of discriminatory practices and that acceptance of an offer of judgment precluded such a finding. *Shafer*, 215 W.Va. at 172, 597 S.E.2d at 305.

appellants' request for attorney fees and costs in addition to the amounts set forth in the offers of judgment is the *factual* determination that the term "claims" utilized in the offers of judgment referred to those claims set forth in the underlying complaints and litigated by the parties. Those claims *included* the requested attorney fees and costs. The circuit court is best positioned to determine what claims were actually pled and litigated by the parties as it is the circuit court with first hand knowledge of the litigation. Rather than recognize the circuit court's authority to make this factual determination and review the same for clear error, the majority frames this factual inquiry as a legal question in order to invoke a *de novo* standard of review, avoiding any form of deference to the circuit court's determination.

In reaching its result in this case, the majority sidesteps the holding of *Shafer v. Kings Tire Service, Inc.*, 215 W.Va. 169, 597 S.E.2d 302 (2004). as set forth in the syllabus, and relies instead upon contradictory language set forth in a footnote. In *State ex rel. Medical Assurance v. Recht*, 213 W.Va. 457, 471, 583 S.E.2d 80, 94 (2003), this Court recognized:

> that "... [n]ew points of law ... will be articulated through syllabus points as required by our state constitution." Syllabus Point 2, in part, *Walker v. Doe*, 210 W.Va. 490, 558 S.E.2d 290 (2001). If this Court were to create a new exception to attorney client privilege, it would do so in a syllabus point and not in a footnote. Second, language in a footnote generally should be considered obiter dicta which, by definition, is language "unnecessary to the decision in the case and therefore not precedential." *Black's Law Dictionary* 1100 (7th ed.1999).

Although *Recht* involved an exception to the attorney client privilege, the principle is the same whenever the Court issues a new rule of law. New rules of law are announced in syllabus points, not in footnotes. The major-

ity avoids this principle by finding that footnote 8 in *Shafer* was necessary to address that appellee's argument regarding the inclusion of attorney fees in the offer of judgment at issue therein.[1] However, to read footnote 8 in *Shafer* as setting forth a requirement that offers of judgment served in cases under the Human Rights Act must explicitly utilize the term "attorney fees" in order to include attorney fees in the offer renders syllabus point 5 of *Shafer* meaningless.

Syllabus point 5 of *Shafer* holds "[b]ecause the Human Rights Act defines costs as including attorneys fees, the costs included in a Rule 68 offer of judgment includes attorney's fees." In *Shafer* the Court explained that offers of judgment necessarily include costs incurred regardless of whether the same are specifically noted in the offer itself. As explained by this Court in *Shafer*:

> [b]y its terms, an offer of judgment must include not only an offer of judgment on the claim raised by the plaintiff, but such offer must also include "costs then accrued." *See* Franklin D. Cleckley, Robin Jean Davis & Louis J. Palmer, *Litigation Handbook* on West Virginia Rules of Civil Procedure, § 68(a), p. 1046 (2002) ("An offer under Rule 68(a) does not have to separately recite the amount the defendant is offering in settlement of the substantive claim and the amount being offered to cover costs. The critical issue concerning the contents of the offer, is that the offer be one that allows judgment to be taken against the defendant for both the damages caused by the challenged conduct and the costs then accrued."). While the term "costs" usually does not include attorney's fees, *Nelson v. West Virginia Public Employees Insurance Board*, 171 W.Va. 445, 451, 300 S.E.2d 86, 92 (1982), if an applicable statute defines costs to include attorney's fees, then attorney's fees may be recovered as costs. *See generally* 20 Am. Jur.2d *Costs* § 57 (1995). The Human Rights Act's cost-shifting section defines "costs" as "including reasonable attorney fees[.]"

---

1. *See, e.g., Nordby v. Anchor Hocking Packaging Co.*, 199 F.3d 390 (7th Cir.1999); *Pelkowski v. Highland Managed Care Group, Inc.*, 2002 WL 1836509 (7th Cir. Aug. 9, 2002 order); *Broadcast Music, Inc. v. Dano's Restaurant Systems, Inc.*, 902 F.Supp. 224 (M.D.Fla.1995); *Blumel v. Mylander*, 165 F.R.D. 113 (M.D.Fla.1996).

*Shafer*, 215 W.Va. at 173, 597 S.E.2d at 306. Thus, if "costs" are included in any offer of judgment and, pursuant to syllabus point 5, attorneys fees are considered "costs" in Human Rights Act cases, there is no need to explicitly repeat that attorney fees are included in any offer of judgment if syllabus point 5 is to have meaning.

In order to avoid negating the meaning of syllabus point 5, another explanation for the inclusion of footnote 8 in *Shafer* is to clarify that where attorney fees are not included in statutory definition of costs which are recoverable, then any offer of judgment must explicitly include reference to attorney fees if the same are to be included in the offer of judgment. This alternative explanation is further supported by reference to syllabus point 4 of *Shafer*. In syllabus point 4, the Court held:

> [c]osts included under West Virginia Rule of Civil Procedure 68(a) include attorney's fees when any statute applicable to the case defines costs as including attorney's fees. However, costs under Rule 68(a) do not include attorney's fees if the statute creating the right to attorney's fees defines attorney's fees as being in addition to, or separate and distinct from, costs.

Thus, it is my belief that footnote 8's direction that an offer of judgment explicitly state that attorney fees are included therein is meant to clarify the procedure where the enabling statute defines attorney fees as being in addition to, or separate and distinct from, costs. Because the Human Rights Act defines costs as including attorney fees and this Court specifically recognized, in syllabus point 5 of *Shafer*, that attorney fees are included as costs in a Rule 68 offer of judgment made in Human Rights Act cases, the circuit court did not err in finding that attorneys' fees were included in the underlying offers of judgment and in denying appellants' motion for additional fees in this Human Rights Act case. Accordingly, I respectfully dissent from the majority decision herein.